**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims (“RCFC”), plaintiff, Ford Motor Company and Affiliates ("Ford"), respectfully submits this Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment is based on the grounds that there are no material disputed facts in this matter, and that plaintiff is entitled to a judgment as a matter of law in that, under § 6611 of the Internal Revenue Code of 1986, as amended (the “Code”), it is owed additional allowable interest on an overpayment of tax for its 1976 tax year.

In support of its Motion for Summary Judgment, plaintiff relies upon the Complaint, Answer, Parties’ Joint Stipulation of Facts, Plaintiff's Proposed Findings of

Uncontroverted Fact, Affidavit of Francine Silverman in Support of Plaintiff's Motion for Summary Judgment, and Plaintiff's Brief in Support of its Motion for Summary Judgment.

Respectfully submitted,

August 4, 2005

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

Attorney for Plaintiff

Of Counsel:
Gilbert M. Polt
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 4th day of August, 2005, been made on defendant's counsel by electronically filing the same with the Court. Should the Court be unable to electronically transmit a copy of the foregoing to the defendant's counsel, plaintiff respectfully requests the Clerk of the Court to mail a copy of the foregoing document to the following address:

W.C. RAPP
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

August 4, 2005

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Joseph M. Persinger,
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Of Counsel:
Gilbert M. Polt
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .......................................................................................... 1

QUESTIONS PRESENTED.......................................................................................... 4

STATEMENT OF FACTS…………………………………………………………………. 4

ARGUMENT……………………………………………………………………………….. 9

I. The IRS' methodology of recomputing allowable interest following the recapture of a refund arising from a carry-back allowance effectively: (i) recaptures the previously-paid allowable interest attributable to the recaptured carry-back, twice, and (ii) compounds interest on the recaptured, pre-1/1/83 interest…………… 9

A. Introduction…………………………………………………………….. 9

B. Allowable interest on an overpaid carry-back allowance is recaptured correctly and completely by virtue of the recaptured amount being included in the calculation as of its effective date………………………………… 11

C. Including the interest attributable to an overpaid/recaptured carry-back allowance as a separate, discreet item in the interest calculation effectively compounds the recaptured interest……… 13

D. In the instant proceeding, the IRS' methodology of recomputing interest following the adjustment of previously-paid carry-back allowances has deprived the plaintiff of significant allowable interest properly due……………………………..………………. 16

II. The IRS' methodology of recomputing allowable interest following an increase in the amount of a previously-paid carry-back allowance effectively: (i) reduces the principal [upon which the allowable interest is recomputed] by the amount of previously-paid allowable interest attributable to the previous carry-backs; and (ii) improperly denies compound interest on a principal equal to the previously paid allowable interest….…………………………..……. 17

CONCLUSION………........................................................................................... 18

# TABLE OF AUTHORITIES

Page

**Pubic Laws**

Tax Equity and Fiscal Responsibility Act of 1982, §344(a); P.L. 97-248; 1982-2 C.B. 462 ……………………………………………………..………... 13
Tax Equity and Fiscal Responsibility Act of 1982, §346(c)(1)(A, B); P.L. 97-248; 1982-2 C.B. 462………………………………………………….... 10
Tax Reform Act of 1986, §2(a); P.L. 99-514; 1986-3 C.B. 1……………………… 10

**Statutes:**

Internal Revenue Code of 1954 (26 U.S.C.):

§ 6611(f)(1), (2), (3)........................................................................................ 10

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6601(e)(1) ........................................................................................ 14
§ 6601(e)(2) ........................................................................................ 14
§ 6402........................................................................................ 10
§ 6611........................................................................................ 1, 5
§ 6611(b)........................................................................................ 9
§ 6611(b)(1) ........................................................................................ 9
§ 6611(b)(2) ........................................................................................ 9
§ 6611(f)(1)........................................................................................ 9, 10
§ 6611(f)(2)(a) ........................................................................................ 10
§ 6622........................................................................................ 15
§ 6622(a) ........................................................................................ 14

**Revenue Procedures, Rulings, Field Service Advices:**

Revenue Procedure 60-17, 1960-2 C.B. 942 ........................................................ 11, 12, 13
Revenue Procedure 94-60, 1994-2 C.B. 774 ........................................................ 12, 15

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 02-483 T** <br> **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

This Brief is submitted in support of plaintiff's Motion for Summary Judgment with respect to the claim of plaintiff, Ford Motor Company and Affiliates ("Ford") under § 6611 of the Internal Revenue Code of 1986, as amended (the "Code"), for additional allowable interest on an overpayment of federal income tax, regarding its 1976 calendar year Federal Income Tax Account (the "1976 Tax Year"). The relevant facts concerning this action are not in dispute.

In 1996, the Internal Revenue Service (the "Service"), pursuant to an audit (the "Final Audit"), determined a net overpayment ($5,052,403.00) in Ford's 1976 Tax Year account. The Service recomputed interest on the entire 1976 Tax Year module after the 1976 tax liability was finally determined. In calculating the interest, the Service considered various net tax increases and decreases to the 1976 account including: (i) the partial recapture of two (2) carry-

back allowances from Ford's 1979 Federal Income Tax Year (the "1979 Tax Year"); (ii) the full recapture of three (3) carry-back allowances from Ford's 1980 Federal Income Tax Year (the "1980 Tax Year"); and, (iii) an increase to two (2) additional carry-back allowances from Ford's 1981 Federal Income Tax Year (the "1981 Tax Year"). The net result of all of the adjustments was an overassessment. The Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to Ford's 1976 Tax Year account on June 3, 1996. On this date, the Service also posted credit (allowable) interest ($10,079,031.45) to Ford's 1976 Tax Year account. The overpayment and the interest thereon were credited to various other tax accounts of Ford.

In this case, plaintiff seeks additional allowable interest on the 1976 overpayment. Specifically, in regard to the computation of interest attributable to the partial and/or full recapture of the carry-back allowances from the taxpayer's 1979 and 1980 Tax Years, plaintiff asserts that the methodology utilized by the Service was erroneous. In its computation of interest, the Service correctly reduced the overpayment balance (principal) in the account by the recaptured amount of the carry-backs as of their effective dates. These reductions automatically reduced the attendant credit interest previously issued with the original refunds. The Service, however, separately and incorrectly, debited from the principal, the amounts of previously-paid credit (allowable) interest associated with the total, original carry-back allowances [as of the dates the credit interest was paid]. These separate recaptures of the previously-paid allowable interest in the calculation, effectively charged the taxpayer twice for the allowable interest that the Service paid once. In the case of the carry-back allowance from the 1979 Tax Year, this error was exacerbated by the fact the Service recaptured only a portion of the carry-back allowance but in the re-computation of credit interest, deducted the total

amount of previously-paid allowable interest. In regard to the credit interest that was paid to the taxpayer prior to January 1, 1983, the Service's "double deduction" methodology has the effect of compounding the reduced allowable interest - a practice prohibited by the Code regarding interest accruing before January 1, 1983. Plaintiff contends that the proper methodology requires the Service to compute interest on the net overpayment balance remaining in the entire tax module, following the deductions for the recaptured tax portions of the prior carry-back allowances only [as of their availability date; i.e., regarding the 1979 Tax Year – December 31, 1979]. Performing the calculation in this manner, the previously overpaid allowable interest is automatically recaptured in the correct amount.

In regard to the computation of interest attributable to the increase in carry-back allowance from the taxpayer's 1981 Tax Year, plaintiff asserts that the methodology utilized by the Service was erroneous in that it reduced the base or principal amount upon which the calculation of interest is recomputed, again, by the amounts of interest previously paid [attributable to the prior carry-back allowances from the 1981 Tax Year]. The result of this mistake is the payment of allowable interest that is less than what the taxpayer is due. Plaintiff contends that the proper methodology required the Service to simply compute interest on the net increase in the overpayment attributable to the additional carry-back allowance.

Defendant denies plaintiff is owed any additional interest on the 1976 overpayment.

## QUESTIONS PRESENTED

I. Whether, in the context of re-calculating allowable interest on a net overpayment, it is proper with regard previously paid carry-back allowances paid with allowable interest that are recaptured in whole or in part, to deduct the amounts of interest previously paid from the base or principal amount of overpaid tax upon which the new calculation of credit interest is to be computed.

II. Whether, in the calculation of allowable interest attributable to an increase in a carry-back allowance previously paid with allowable interest, is it proper to deduct the amount of the previously-paid allowable interest from the base or principal amount of overpaid tax upon which the new calculation of credit interest is to be computed.

## STATEMENT OF FACTS

Ford is a corporation organized and existing under the laws of the state of Delaware. Ford currently has its principal place of business at One American Road, Dearborn, Michigan. Joint Stipulation of Facts (the "Jt. Stip.") ¶ 1.

Subsequent to the filing of Ford's 1976 Tax Year return, the Service posted several carry-back allowances (net operating losses or tax credits) to the 1976 account. Because the years generating the losses or credits to Ford's 1976 Tax Year were Ford's 1977, 1979, 1980 and 1981 Tax Years, the resulting overpayments were accordingly refunded with credit interest

under Code Section 6611. Affidavit of Francine Silverman in Support of Plaintiff's Motion for Summary Judgment (the "Affidavit") ¶ 4.

**Carry-back allowances from the 1979 Tax Year**

On or about June 2, 1980, the Service posted an abatement of tax ($46,316,906.46) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund of the resulting overpayment ($46,316,906.46) was paid on May 12, 1980. The Service also paid allowable interest ($1,781,614.32) on this overpayment on the same date. Affidavit ¶ 8(A).

On or about July 28, 1980, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on July 8, 1980. The Service also paid allowable interest ($1,832.44) on this overpayment on the same date. Affidavit ¶ 8(B).

**Carry-back allowances from the 1980 Tax Year**

On or about May 4, 1981, the Service posted an abatement of tax ($341,336.05) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($341,336.05) of the resulting overpayment was paid on April 15, 1981. The Service also paid allowable interest ($11,670.89) on this overpayment on the same date. Affidavit ¶ 13(A).

On or about June 8, 1981, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on May 4, 1981. The Service also paid allowable interest ($908.74) on this overpayment on the same date. Affidavit ¶ 13(B).

On or about December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. On January 4, 1988, the Service posted an abatement of tax ($524, 206.00) to the 1976 Tax Year as the result of a carry-back allowance from Ford's 1981 Tax Year. A refund ($13,462,867.00) of the overpayment attributable to the carry-back allowance from the 1980 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1981 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $16,722,603.00) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1981 Tax Year). Affidavit ¶ 13(C).

**Carry-back allowances from the 1981 Tax Year**

On or about October 11, 1982, the Service posted an abatement of tax ($3,635,790.95) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. Transfers ($229,070.14 and $28,874.35) of a portion of the resulting overpayment were credited to Ford's 81/12 and 82/03 Form 941 Tax accounts, respectively, as of January 1, 1982. A refund ($3,177,846.46) of a portion of the remaining, overpayment balance was paid on September 14, 1982. The Service also paid allowable interest ($424,873.72) on this overpayment on the same date. Affidavit ¶ 17(A).

A refund of the balance of the overpayment ($200,000.00) was paid on July 12, 1983. The Service also paid allowable interest ($59,284.86) on this overpayment on the same date. Affidavit ¶ 17(B).

On or about January 4, 1988, the Service posted an abatement of tax ($524,206.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. As stated in paragraph 8, on December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($524,206.00) of the overpayment attributable to the carry-back allowance from the 1981 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1980 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $543,702.38) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1980 Tax Year). Affidavit ¶ 17(C).

**Audits**

Over the course of Ford's 1976 Tax Year's history, the Service conducted three tax audits, the final being completed in 1996 (the "Final Audit"). Affidavit ¶¶ 2, 5. The Final Audit determined an additional net overpayment in the 1976 Tax year of $5,052,403.00. Affidavit ¶ 8(D). The Service's determination included: (i) a general adjustment to an item on the 1976 Tax Year return [Affidavit ¶ 5]; (ii) a prior decrease in tax ($56,052,416.00) from the 1977 Tax Year, effective January 1, 1978 [Affidavit ¶ 8(C)]; (iii) the partial recapture ($42,813,374.00) of the earlier carry-back allowance from the 1979 Tax Year [Affidavit ¶ 8(D)]; (iv) the full recapture ($13,826,494.00) of the carry-back allowances from the 1980 Tax Year [Affidavit ¶ 13(D)]; and, (v) the increase ($4,528,197.00) in the amount of carry-back allowance from the 1981 Tax Year [Affidavit ¶ 17(D)].

On or about June 3, 1996 (posting cycle 9621), the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to Ford's 1976 Tax Year account.

On the same date, allowable interest ($10,079,031.45) posted to the 1976 Tax Year account. Jt. Stip. ¶ 6; Affidavit ¶ 8(D). The resulting credit balance in the 1976 Tax Year account was offset to other tax years of Ford. Affidavit ¶ 8(D).

# ARGUMENT

I. <u>The IRS' methodology of recomputing allowable interest following the recapture of a refund arising from a carry-back allowance effectively:</u>
(i) <u>recaptures the previously-paid allowable interest attributable to the recaptured carry-back, twice, and</u>
(ii) <u>compounds interest on the recaptured, pre-1/1/83 interest</u>

A. <u>Introduction</u>

Section 6611(b) of the Internal Revenue Code of 1986, as amended (the "Code"), governs the calculation of overpayment interest. Section 6611(b)(1) of the Code provides that interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax "[i]n the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken." I.R.C. § 6611(b)(1) (1996). In the case of a refund, the Code states that interest is allowed "from the date of the overpayment to a date.… preceding the date of the refund check by no more than 30 days, …" I.R.C. § 6611(b)(2) (1996). In regard to overpayments generated by carrybacks or adjustments for certain unused deductions (i.e., net operating loss, net capital loss and credit carrybacks), the Code prescribes what starting date to use in determining allowable interest:

> NET OPERATING LOSS OR CAPITAL LOSS CARRYBACK.--
> For purposes of subsection (a), if any overpayment of tax imposed by subtitle A results from a carryback of a net operating loss or net capital loss, such overpayment shall be deemed not to have been made prior to the close of the taxable year in which such net operating loss or net capital loss arises.

I.R.C. § 6611(f)(1)(1981; Applicable to the carry-back allowances from Ford's 1979, 1980 and 1981 Tax Years).[1 2] Section 6611(f)(2)(a) of the Code (1981) states:

> CERTAIN CREDIT CARRYBACKS.-- 6611(f)(2)(A) IN GENERAL.--For purposes of subsection (a), if any overpayment of tax imposed by subtitle A results from a credit carryback, such overpayment shall be deemed not to have been made before the close of the taxable year in which such credit carryback arises, or, with respect to any portion of a credit carryback from a taxable year attributable to a net operating loss carryback, capital loss carryback, or other credit carryback from a subsequent taxable year, such overpayment shall be deemed not to have been made before the close of such subsequent taxable year.[3]

As for rules for determining a **reduction** in allowable interest, however, the Code is silent. For example, assume a taxpayer's 1976 tax year account is fully paid (zero balance). The taxpayer requests a tentative allowance of a net operating loss from its 1980 tax year be applied to its 1976 tax year resulting in an overpayment of tax in the amount of $100. Pursuant to Sections 6402 and 6611 of the Code, the taxpayer receives a refund of the $100 and is further allowed and paid credit interest, i.e. $10. Subsequently, the Service determines that the tentative carry-back allowance was erroneous or excessive, and recaptures it. The Service also determines that a credit carry-back from the taxpayer's 1979 tax year in the amount of $300 is available as of 1/1/80. The Service

---

[1] P.L. 99-514, Sec. 2(a), 10/12/86, provided that "[t]he Internal Revenue Code of 1954, as heretofore, hereby, or hereafter amended may be cited as the 'Internal Revenue Code of 1986."

[2] P.L. 97-248, §346(c)(1)(A): Tax Equity and Fiscal Responsibility Act of 1982, Enacted September 3, 1982, amended Code Sec. 6611(f)(1) by striking out "the close of the taxable year" and inserting "the filing date for the taxable year," applicable to interest accruing after October 3, 1982.

[3] P.L. 97-248, §346(c)(1)(B): Tax Equity and Fiscal Responsibility Act of 1982, Enacted September 3, 1982, amended Code Sec. 6611(f)(2)(A) by striking out "the close of" each place it appeared and inserting "the filing date for," applicable to interest accruing after October 3, 1982.

applies the 1979 tax year credit to the 1976 tax year account and is about to calculate the allowable interest on the resulting overpayment. In this example, the recapture of the excessive tentative carry-back from the 1980 tax year does **not** create a deficiency in the 1976 tax year account. The questions are: to what extent does the previously paid allowable interest affect the calculation of the correct allowable interest to be paid on the increased/subsequent overpayment? What methodology should the Service follow in this scenario whereby the recapture of the erroneous or excessive carryback allowance does not result in a deficiency, but rather results only in a reduction of overpayment balance? That there are no direct, statutory directives in this situation [an overpayment in tandem with the recapture of an excessive or erroneous carryback allowance] is compounded by the fact that there are no provisions in the Treasury Regulations or in the Internal Revenue Manual that address this interest calculation. Nonetheless, certain Code sections and Service pronouncements give instruction on how to perform the calculation.

B. Allowable interest on an overpaid carry-back allowance is recaptured correctly and completely by virtue of the recaptured amount being included in the calculation as of its effective date.

Revenue Procedure 60-17[4] gives guidance and instruction with respect to the computation of restricted interest under the Internal Revenue Codes of 1954 and 1939. As discussed in footnotes 3 and 4 above, the 1954 Internal Revenue Code (in part) controls in this discussion as it determines the start date of allowable interest attributable to carry-back allowances from tax years in which interest accrues on or before October 3, 1982 (i.e. Tax Years 1979, 1980 and 1981). Table section 4.03(2) of Revenue Procedure 60-17 specifies rules for

determining applicable interest periods "in carryback loss cases when no other adjustments are involved." Describing a "DEFICIENCY Erroneous or excessive tentative carryback allowance—no other adjustments" (1960-2 C.B. at 955) the Revenue Procedure states that the [deficiency] interest period should run from the "[f]irst day after close of loss year[,]" to the "30th day after filing of a waiver, date of assessment whichever is the earliest (if paid by credit, then to date of overpayment)." In the remarks column, the Revenue Procedure reads: "[s]ince interest is allowed on a tentative carryback allowance, interest is due on an excessive allowance from the same date from which interest was allowed. **Thus, interest erroneously allowed is recovered as well as interest to the date of the repayment**." Id. (emphasis added). Although it requires recovery of the erroneously allowed interest, the Revenue Procedure does not require that the recovered allowable interest be included in the principal upon which deficiency interest (or, in the instant proceeding, allowable interest) is to be further calculated. The Revenue Procedure is silent in this regard. There is a good reason for this: to separately add the amount of previously paid allowable interest to the principal upon which deficiency interest is computed (or to reduce the principal by the amount of the recovered interest), effectively charges the taxpayer with deficiency interest (or, as in this case, limits the accumulation of allowable interest) twice: once in the calculation of simple interest, and, a second time by its insertion into the amount of principal the subsequent interest is computed upon. The Government, conversely, pays allowable interest to the taxpayer, just once. Mathematically this "double taxation" can be proven by illustration. (For a detailed mathematical analysis of the "double taxation" effect of including the previously-paid allowable interest as part of the equation in determining proper interest, see, Affidavit ¶9(A–D)). That Revenue Procedure 60-17 pertains to deficiency interest

---

[4] Rev. Proc. 60-17, 1960-2 C.B. 942

while the instant case pertains to a reduction of allowable interest, is immaterial to this discourse as neither interest compounding nor interest rate differentiation apply to interest accruing pre-January 1, 1983. Of import is the fact that the methodology used to compute deficiency interest in the Revenue Procedure is analogous to the methodology that should have been used to compute the reduced overpayment interest regarding Ford's 1976 Tax Year. In the present instance, the Service should have merely reduced the 1976 Tax Year account overpayment balance by the amounts of the recaptured carry-back allowances. Mathematically, in regard to the interest running before January 1, 1983, the Revenue Procedure's methodology would have reduced the amount of overpayment interest Ford was entitled to receive by the excessive amount of overpayment interest it did receive.

C. Including the interest attributable to an overpaid/recaptured carry-back allowance as a separate, discreet item in the interest calculation effectively compounds the recaptured interest.

The methodology used to determine the re-computed overpayment interest in the taxpayer's 1976 Tax Year module must comport with provisions of the Internal Revenue Code in effect for 1976. Prior to January 1, 1983, neither deficiency interest nor allowable interest was compounded. That is, no interest was charged on interest. In 1982, Congress implemented interest compounding for both deficiency interest and allowable interest, but only for interest accruing after December 31, 1982.[5] The new Code section stated:

---

[5] P.L. 97-248, §344(a): Tax Equity and Fiscal Responsibility Act of 1982, Enacted September 3, 1982; codified as I.R.C. §6622.

> In computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily.

I.R.C. § 6622(a)(1982 and current). The amended Code Section 6601(e)(1), enacted under the same Act as Section 6622 above, added:

> INTEREST TREATED AS TAX.--Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

I.R.C. § 6601(e)(1)(1982 and current).

Prior to its amendment, Section 6601(e)(2) read, "**[n]o interest on interest**. No interest under this section shall be imposed on the interest provided by this section."
§ 6601(e)(2)(1981; emphasis added).

The adjustments to the carry-back allowances from the 1979 Tax Year, and the adjustments to the carry-back allowances from the 1980 Tax Year, affect the interest accruing before January 1, 1983. As such, any calculation of interest by the Service regarding this period of time must avoid "interest on interest." The original allowance of interest paid with the refunds created by the carry-back allowances entailed the use of simple interest – the overpayments were multiplied by a specific rate for a defined period of time: the day after the last day of the source (loss) year through the date of payment [which in all but two postings, was before January 1, 1983]. Regarding the carryback-allowances from the 1980 Tax Year that resulted in the payment of allowable interest on July 12, 1983 and December 2, 1987, respectively, this interest, similarly, was computed as simple interest through December 31,

1982, and then compounded to the aforementioned payment dates. However, in 1996, when the Service re-computed the entire module, it applied a different methodology.

As one example of this methodology, consider that on Final Audit the Service recaptured a $341,336.05 carry-back allowance from Ford's 1980 Tax Year, as of January 1, 1981. Recall that the audit ultimately determined that there was an overassessment in the 1976 account. The aforementioned recapture, alone, had the effect of reducing [allowable] interest in the account by $11,670.89 as of April 15, 1981. This is the exact amount of allowable interest the Service originally paid the taxpayer on April 15, 1981. At this juncture in the process, the Service's methodology was sufficient to recover the previously paid interest. The Service should have allowed simple interest to run on the reduced principal through December 31, 1982, and then compounded the interest through the date of the final adjustment in 1996. Instead, the Service further reduced principal by the amount of the previously paid interest ($11,670.89) as of April 15, 1981. It then computed allowable interest on a principal balance reduced by the inflated amount ($353,006.94). In doing so, the Service effectively compounded interest on the accrued interest of $11,670.89. This is a violation of § 6622 of the Code with respect to interest paid prior to January 1, 1983. The same mistake was made in the determination of interest associated with every adjustment regarding the carry-back allowances from Ford's 1979 and 1980 Tax Years.[6]

---

[6] A later Revenue Procedure, 94-60, 1994-2 C.B. 774, sheds light on the development of interest compounding, albeit in the context of interest "on an underpayment," not, reduction of overpayment interest. Drafted to eliminate the disparity between underpayment and overpayment interest that went into effect on 1/1/87, the Revenue Procedure articulates a formula for computing deficiency interest after a taxpayer has previously received a tax refund with interest for the same tax year. Although it states that "previously accrued interest will be treated in the same manner as the portion of the tax underpayment to which such interest relates," this *(footnote cont'd…)*

D. <u>In the instant proceeding, the IRS' methodology of recomputing interest following the adjustment of previously-paid carry-back allowances has deprived the plaintiff of significant allowable interest properly due.</u>

The methodology used by the Service in its 1996 computation of overpayment interest regarding Ford's 1976 Tax Year is erroneous. The errors are incorporated in the re-calculation of interest associated with adjustments regarding carry-back allowances to the 1976 Tax Year. By reducing the overpayment balance in the 1976 account by the excessive interest amount accrued before January 1, 1983, the Service has effectively charged the taxpayer twice for that excessive interest the taxpayer received only once. Further, by computing interest on this artificially reduced amount, the Service has charged interest on interest – an action expressly prohibited by the Code. As a result, the Service deprived the plaintiff of significant allowable interest properly due on its final overassessment.

---

statement must be read in accord with the Code's restriction on interest compounding before 1/1/83. Moreover, the examples presented in §§ 4.01 and 4.02 of the Revenue Procedure, describe a scenario whereby the interest accruing does not start until 1991, nine years after interest compounding went into effect. Regardless, the Revenue Procedure is inapplicable to the present facts for it "describes how interest on an underpayment will be calculated," not interest on an overpayment.

II. The IRS' methodology of recomputing allowable interest following an increase in the amount of a previously-paid carry-back allowance effectively:
   (i) reduces the principal [upon which the allowable interest is recomputed] by the amount of previously-paid allowable interest attributable to the previous carry-backs; and
   (ii) improperly denies compound interest on a principal equal to the previously paid allowable interest.

Notwithstanding the fact that the 1981 Tax Year component of the Final Audit was an increase in the carry-back allowance (versus a recapture as discussed above), the Service still erred in its methodology when computing the effect of this adjustment on the allowable interest for the 1976 Tax Year. In regard to this carry-back, the Service initially adjusted the principal balance in the 1976 Tax Year account to reflect the total re-calculated allowance. In recomputing the interest, it initially decreased this amount by the original principal allowance, but as it did with regard to the recapture of the carry-back allowances from the 1979 and 1980 Tax Years, it again decreased the principal balance by the amount of the originally paid allowable interest. The deleterious result of this methodology is that it yielded an incorrect amount of credit interest. This error became further injurious after December 31, 1982, when the incorrect reduction of allowable interest compounded. The proper methodology in this instance (an increase to the carry-back allowance from the 1981 Tax Year) is to compute interest on the 1976 Tax Year module by (i) ignoring the Service's original calculations of credit interest associated with the overpayments in the 1976 Tax Year account attributable to the prior carry-backs from the 1981 Tax Year, and, (ii) determining the credit interest on the net increase of overpayment in the 1976 Tax Year account attributable to the additional carry-back allowance from the 1981 Tax Year.

## CONCLUSION

For all of the foregoing reasons, this Court should grant plaintiff's motion for summary judgment.

Respectfully submitted,

August 4, 2005

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

Attorney for Plaintiff

Of Counsel:
Gilbert M. Polt
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 4th day of August, 2005, been made on defendant's counsel by electronically filing the same with the Court. Should the Court be unable to electronically transmit a copy of the foregoing to the defendant's counsel, plaintiff respectfully requests the Clerk of the Court to mail a copy of the foregoing document to the following address:

W.C. RAPP
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

August 4, 2005

Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

NY2:#4644100v1
08/4/05 9:38 PM