**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiff,** | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiff, Ford Motor Company and Affiliates, pursuant to Rule 56(h)(1) of the Rules of The United States Court of Federal Claims, respectfully submits the following Proposed Findings of Uncontroverted Fact in support of Plaintiff's Motion for Summary Judgment, filed this day.

1. Plaintiff, Ford Motor Company and Affiliates ("Ford"), is a corporation organized and existing under the laws of the state of Delaware. Plaintiff currently has its principal place of business at One American Road, Dearborn, Michigan. Joint Stipulation of Facts (the "Jt. Stip.") ¶ 1.

2. This is an action under the internal revenue laws of the United States for the payment of additional allowable interest payable under Section 6611 of the Internal Revenue Code of 1986, as amended (the "Code") with respect to an overpayment of federal income tax for the 1976 calendar tax year (the "1976 Tax Year") of Ford. Complaint ¶ 1; Jt. Stip. ¶ 4.

3. The correct calculation of this interest also involves federal income tax events for the 1977 calendar tax year (the "1977 Tax Year"), the 1979 calendar tax year (the "1979 Tax Year"), the 1980 calendar tax year (the "1980 Tax Year") and the 1981 calendar tax year (the "1981 Tax Year") of Ford. Jt. Stip. ¶ 4.;

**<u>Carry-back allowances from the 1979 Tax Year</u>**

4. In 1996, an Internal Revenue Service audit was reviewed by the Joint Committee on Taxation in 1996 (the "Final Audit"). Shortly thereafter, the Service performed interest calculations regarding the Final Audit of the 1976 Tax Year (the "Audit Interest Calculations"). On or about June 2, 1980, the Service posted an abatement of tax ($46,316,906.46) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund of the resulting overpayment ($46,316,906.46) was paid on May 12, 1980. The Service also paid allowable interest ($1,781,614.32) on this overpayment on the same date. Affidavit of Francine Silverman in Support of Plaintiff's Motion for Summary Judgment (the "Affidavit") ¶¶ 2, 3, 8(A).

5. On or about July 28, 1980, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on July 8, 1980. The Service also paid allowable interest ($1,832.44) on this overpayment on the same date. Affidavit ¶ 8(B).

6. With regard to the partial recapture of the earlier carry-back allowance from the 1979 Tax Year considered in conjunction with the Audit Interest Calculations, the Service erred in its methodology of recomputing interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year account by the recaptured portion of the earlier carry-back allowance from the 1979 Tax Year as of its effective date (December 31, 1979), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing all of the previously paid, credit (allowable) interest paid with respect to the carry-back allowance, on the date the refund was paid. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983. Moreover, in this instance [regarding the carry-back from the 1979 Tax Year], the error created by the deduction of the credit (allowable) interest is amplified by the fact the recaptured carry-back was partial but the deduction of the interest was total. Affidavit ¶ 7. As it relates to the partial recapture of the carry-back allowance from the 1979 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the <u>principal</u> (the recaptured carry-back amount ($42,813,374.00) <u>AND</u> the amount of allowable <u>interest</u> ($1,781,614.32) previously paid on the total carry-back allowance (46,316,906.46), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed following the Final Audit. In the present case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments. Affidavit ¶ 10.

**Carry-back allowances from the 1980 Tax Year**

7. On or about May 4, 1981, the Service posted an abatement of tax ($341,336.05) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($341,336.05) of the resulting overpayment was paid on April 15, 1981. The Service also paid allowable interest ($11,670.89) on this overpayment on the same date. Affidavit ¶ 13(A).

8. On or about June 8, 1981, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on May 4, 1981. The Service also paid allowable interest ($908.74) on this overpayment on the same date. Affidavit ¶ 13(B).

9. On or about December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. On January 4, 1988, the Service posted an abatement of tax ($524, 206.00) to the 1976 Tax Year as the result of a carry-back allowance from Ford's 1981 Tax Year. A refund ($13,462,867.00) of the overpayment attributable to the carry-back allowance from the 1980 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1981 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $16,722,603.00) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1981 Tax Year). Affidavit ¶ 13(C).

10. With regard to the total recapture of the carry-back allowances from the 1980 Tax Year in conjunction with the 1995 audit, the Service erred in its methodology of recomputing interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year Account by the recaptured amounts of the carry-backs from the 1980 Tax Year from their

effective date (December 31, 1980), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing the previously paid credit (allowable) interest paid with respect to the carry-backs recaptured on the dates the refunds were made. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983. Affidavit ¶ 12.

11. As it relates to the carry-back allowance from the 1980 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the principal (the recaptured carry-back amounts ($341,336.05, $22,291.00, and $13,462,867.00, respectively) AND the allowable interest previously paid on the recaptured amounts ($11,670.89, $908.74, and $16,722,603.00 [approximately]), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed following the Final Audit. In this case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments. Affidavit ¶ 14.

**Carry-back allowances from the 1981 Tax Year**

12. On or about October 11, 1982, the Service posted an abatement of tax ($3,635,790.95) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. Transfers ($229,070.14 and $28,874.35) of a portion of the resulting overpayment were credited to Ford's 81/12 and 82/03 Form 941 Tax accounts as of January 1, 1982. A refund ($3,177,846.46) of a portion of the remaining, overpayment balance was paid on

September 14, 1982. The Service also paid allowable interest ($424,873.72) on this overpayment on the same date. Affidavit ¶ 17(A).

13. A refund of the balance of the overpayment ($200,000.00) was paid on July 12, 1983. The Service also paid allowable interest ($59,284.86) on this overpayment on the same date. Affidavit ¶ 17(B).

14. On or about January 4, 1988, the Service posted an abatement of tax ($524,206.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. As stated in paragraph 8, on December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($524,206.00) of the overpayment attributable to the carry-back allowance from the 1981 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1980 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $543,702.38) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1980 Tax Year). Affidavit ¶ 17(C).

15. With regard to the recalculated total carry-back allowance from the 1981 Tax Year in conjunction with the Final Audit, the Service erred in its methodology of recomputing interest: it separately recomputed allowable interest based (i) upon the total overpayment, but, (ii) subsequently decreased this amount by both the original principal allowance and the originally paid allowable interest. This methodology yielded an incorrect amount of credit interest. Affidavit ¶ 16

**Final Audit**

16. In 1996, the Joint Committee on Taxation reviewed the Internal Revenue Service's third and final audit of Ford's 1976 Tax Year. Affidavit ¶¶ 2, 5.

17. In 1996, the Service determined an additional net overpayment in the 1976 Tax Year account of $5,052,403.00. The Service's determination included: (i) a general adjustment to an item on the 1976 Tax Year return [Affidavit ¶ 5]; (ii) a prior decrease in tax ($56,052,416.00) from the 1977 Tax Year, effective January 1, 1978 [Affidavit ¶ 8(C)]; (iii) the partial recapture ($42,813,374.00) of the earlier carry-back allowance from the 1979 Tax Year [Affidavit ¶ 8(D)]; (iv) the full recapture ($13,826,494.00) of the carry-back allowances from the 1980 Tax Year [Affidavit ¶ 13(D)]; and, (v) the increase ($4,528,197.00) in the amount of carry-back allowance from the 1981 Tax Year [Affidavit ¶ 17(D)].

18. On or about June 3, 1996 (posting cycle 9621), the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to Ford's 1976 Tax Year account. On the same date, allowable interest ($10,079,031.45) posted to the 1976 Tax Year account. Jt. Stip. ¶ 6; Affidavit ¶ 8(D).

19. The resulting credit balance in the 1976 Tax Year account was offset to other tax years of Ford. Affidavit ¶ 8(D).

Respectfully submitted,

August 4, 2005

s/Joseph M. Persinger
Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 4th day of August, 2005, been made on defendant's counsel by electronically filing the same with the Court. Should the Court be unable to electronically transmit a copy of the foregoing to the defendant's counsel, plaintiff respectfully requests the Clerk of the Court to mail a copy of the foregoing document to the following address:

W.C. RAPP
Attorney of Record
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

August 4, 2005

Joseph M. Persinger
Attorney of Record
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Voice: (212) 530-5000
Fax: (212) 822-5072
Email: jpersinger@milbank.com

NY2:#4651331v1
08/4/05 9:29 PM