IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FORD MOTOR COMPANY AND AFFILIATES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-483 T<br>The Honorable Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

---

AFFIDAVIT OF FRANCINE SILVERMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

FRANCINE SILVERMAN, being duly sworn, herewith deposes and states as follows:

1. I am employed as the Senior Technical Director of the Tax Account Analysis & Recovery Services (TAARS[SM]) Special Products Practice Group at Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005. From 1974 through 1985, I was employed as both a Tax Auditor and Tax Auditor Reviewer for the Internal Revenue Service (the "Service") in Brooklyn, New York. From 1986 through 1992, I was employed as both a Revenue Agent and Revenue Agent Reviewer in the Manhattan Office of the Service. Within the scope of my position at the Service, I further acted as a Restricted Interest Coordinator. In that capacity my responsibilities included (i) review of interest calculations; (ii) liaison work with the Problem Resolution Office to determine if assessments were properly computed; and, (iii) liaison work with the Service District Counsel, the Tax Division of the United States Department of Justice and the Office of the United States Attorney for review and/or calculation of interest. I have taught numerous restricted interest classes and income tax courses at the Service. I have been an enrolled agent, admitted to practice before the Service since 1993. In this capacity I have spoken as an expert before various Internal Revenue Service Appeals offices. I make this affidavit in support of "Plaintiff's Motion for Summary Judgment."

2. My testimony in this proceeding concerns the proper calculation of interest under § 6611 of the Internal Revenue Code of 1986, as amended (the "Code"), on the 1976 Federal Income Tax Account (the "1976 Tax Year") of Ford Motor Company and Affiliates ("Ford"). The interest was recalculated following an Internal Revenue Service audit reviewed by the Joint Committee on Taxation in 1996 (the "Final Audit"). (A true copy of the first page of the Form 870-AD – "Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment" – indicating the date of the completion of the 1995 audit, is attached hereto as Exhibit A).

3. In preparing this affidavit, I have reviewed (i) the Service's interest calculations regarding the Final Audit of the 1976 Tax Year (the "Audit Interest Calculations")(a true copy of the Service's Audit Interest Calculations is attached as Exhibit A to the Joint Stipulation of Facts, electronically filed in the present action on July 1, 2005) (On information and belief, and as evidenced by the date and initials affixed to page 3 of the Audit Interest Calculations, I concluded that the Audit Interest Calculations were completed in 1996.); (ii) the Service's transcript of account for plaintiff's Federal Income Tax (Form 1120) for the 1976 Tax Year [transcript dated September 9, 2003] (the "Transcript") (a true copy of the Transcript is attached as Exhibit B to the Joint Stipulation of Facts, electronically filed in the present action on July 1, 2005); and, (iii) the Service's "CORRECTED" Form 2285 – "Concurrent Determinations of Deficiencies (Increase in Tax) and Overassessments (Decreases in Tax) in Cases Involving Restricted Interest Provisions of the Internal Revenue Code" [undated but believed to have accompanied the Final Audit], (the "Form 2285"). (A true copy of Form 2285 is attached hereto as Exhibit B).

4. Based on my review of the documents referred to in paragraph 3 above, and as more fully set forth below, it appears that subsequent to the filing of Ford's 1976 Tax Year return, the Service posted several carry-back allowances (net operating losses or tax credits) to the 1976 account. Because the years generating the losses or credits to Ford's 1976 Tax Year were Ford's 1977, 1979, 1980 and 1981 Tax Years, the resulting overpayments were refunded with credit interest under Code Section 6611.

5. Subsequently, as a result of three audit determinations, these carry-backs were adjusted. In addition to the adjustment of the carry-backs, it was determined that an adjustment was necessary to the 1976 Tax Year because of an item on the return for this year (a "general adjustment").

6. Following the Final Audit, the Service recomputed interest on the entire 1976 Tax Year module after the 1976 tax liability was finally determined. In calculating the interest, the Service considered various net tax increases and decreases to the account including (i) the partial recapture (decrease) of two (2) carry-back allowances from the 1979 Federal Income Tax Year (the "1979 Tax Year"); (ii) the full recapture (decrease) of three (3) carry-back allowances from the 1980 Federal Income Tax Year (the "1980 Tax Year"); and, (iii) an increase to two (2) carry-back allowances from the 1981 Federal Income Tax Year (the "1981 Tax Year"). I have attached a recreation of the aforementioned Audit Interest Calculations detailing the Service's calculations of interest. This recreation was calculated on a commonly used software program: TimeValue Software - TaxInterest ("TXI")(attached hereto as Exhibit C). My recreation of the Audit Interest Calculations differs from the Service's by $15.05 on the calculation date (December 2, 1987).

1979 Loss Year Carry-back Allowances – Partial Recapture

7. The carry-back allowances from the 1979 Tax Year referred to in paragraph 6 resulted in refunds from the 1976 Tax Year account on May 12, 1980, and July 8, 1980 ($46,316,906.46 and $22,291.00, respectively). Credit (allowable) interest was paid with these refunds ($1,781,614.32 and $1,832.44, respectively). With regard to the partial recapture of the earlier carry-back allowance from the 1979 Tax Year considered in conjunction with the Audit Interest Calculations, the Service erred in its methodology of recomputing interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year account by the recaptured portion of the earlier carry-back allowance from the 1979 Tax Year as of its effective date (December 31, 1979), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing all of the previously paid, credit (allowable) interest paid with respect to the carry-back allowance, on the date the refund was paid. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983. Moreover, in this instance [regarding the carry-back from the 1979 Tax Year], the error created by the deduction of the credit (allowable) interest is amplified by the fact the recaptured carry-back was partial but the deduction of the interest was total.

8. The Service's Audit Interest Calculations, read in conjunction with the Transcripts and the Form 2285, make clear the following regarding Ford's 1976 Tax Year account:

(A) On or about June 2, 1980, the Service posted an abatement of tax ($46,316,906.46) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979

Tax Year. A refund of the resulting overpayment ($46,316,906.46) was paid on May 12, 1980. The Service also paid allowable interest ($1,781,614.32) on this overpayment on the same date. (TC 295, cycle 8021; Transcript, attached to Joint Stipulation of Facts, p.520); (TCs 770, 840, cycle 8024; Transcript, attached to Joint Stipulation of Facts, p. 520).

(B) On or about July 28, 1980, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on July 8, 1980. The Service also paid allowable interest ($1,832.44) on this overpayment on the same date. (TC 295, cycle 8029; Transcript, attached to Joint Stipulation of Facts, p.520); (TCs 770, 840, cycle 8029; Transcript, attached to Joint Stipulation of Facts, p. 520).

(C) In the Final Audit, the Service confirmed a decrease in tax ($56,052,416.00) from the 1977 Tax Year, effective January 1, 1978. (TC 309, 1/01/78; Audit Interest Calculations, attached to Joint Stipulation of Facts, p.1; Form 2285). The resulting overpayment generated allowable (credit) interest under Code Section 6611 from January 1, 1978.

(D) In the Final Audit, the Service determined an additional net overpayment in the 1976 Tax Year account of $5,052,403.00. (Audit Interest Calculations, attached to Joint Stipulation of Facts, p.4; Form 2285; Exhibit A). The Service's determination included the partial recapture ($42,813,374.00) of the earlier carry-back allowance from the 1979 Tax Year. (Form 2285, Exhibit A). On or about June 3, 1996, the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to Ford's 1976 Tax Year account. On the same date, allowable interest ($10,079,031.45) posted to the 1976 account. (TCs 301, 341, 770, cycle 9621; Transcript, attached to Joint Stipulation of Facts, p. 531). The resulting credit

balance in the 1976 account was offset to other tax years of Ford. (TCs 820 (3), cycle 9624; Transcript, attached to Joint Stipulation of Facts, p. 531).

9. In recomputing interest on the entire 1976 Tax Year account, the Service erred in recapturing the previously paid allowable interest associated with the 1979 Tax Year carry-back allowances. Prior to January 1, 1983, no provision in the applicable Code, Treasury Regulations or Internal Revenue Service Manual required the recapture of allowable interest previously paid in connection with a refund that is recaptured or partially recaptured. There is a good reason for this: to do so would charge the taxpayer interest twice. To illustrate the "double counting" effect of including the allowable interest paid Ford on the carry-back as a separate entry in the calculation of proper interest regarding the recapture of a refund attributable to a carry-back allowance, I have attached four versions of a schedule reflecting hypothetical interest calculations performed on TXI. The fact patterns presented in the hypotheticals are representative of, or relate to, the re-calculation of total credit interest in the 1976 Tax Year module based on the recaptured portion ($42,813,374.00) of the 1979 [Form 1139] carry-back allowance overpayment ($46,316,906.46) paid to Ford on May 12, 1980.

(A) The TXI labeled Ford Illustration #1 (attached hereto as Exhibit D) assumes that the taxpayer, having a zero balance in its 1976 account as of December 31, 1979 (i.e., neither owing anything to, nor being owed anything by, the Service), requests a carry-back allowance from its 1979 Tax Year of $20,000 and receives a refund of the resulting overpayment on May 12, 1980. The schedule shows the calculation of credit interest on the refund as being **$769.31**. The Service pays the overpayment and the allowable interest on May 12, 1980.

(B) The TXI labeled Ford Illustration #2 (attached hereto as Exhibit E) adds the following facts to Illustration #1: one year later – on May 12, 1981, (i) the previously

allowed carry-back is determined to be overstated; (ii) the Service fully recaptures the previously allowed carry-back; (iii) the Service offsets the resulting balance in the 1976 account with a $100,000 overpayment from another account of the same taxpayer as of December 31, 1979; and, (iv) refunds the newly created overpayment in the account on May 12, 1981. Illustration #2 reflects the deduction of the recaptured carry-back ($20,000) from the $100,000 principal as of December 31, 1979, and determines that accrued credit interest as of May 12, 1981 is $12,677.26. Obviously, the amount of credit interest accrued on May 12, 1981 would have been greater but for the recapture of the $20,000. The schedule also shows that accrued credit interest as of May 12, 1980, is **$3,077.26**.

(C) The TXI labeled Ford Illustration #3 (attached hereto as Exhibit F) reflects the calculation of accrued credit interest in the 1976 account as of May 12, 1980 had there not been the recapture of the $20,000 (i.e., the entire $100,000 existed as principal on December 31, 1979). The amount of accrued credit interest is **$3,846.57**. Comparing the accrued credit interest in the account as of May 12, 1980, in Illustrations #2 and #3, the schedules reveal that the deduction of the $20,000 recapture cost the taxpayer **$769.31** in credit interest. This is the identical amount of interest that was paid to the taxpayer on May 12, 1980 as reflected in Illustration #1. These calculations demonstrate that the recapture (as of the last day of the loss year) of the amount of the previously paid refund determined to be excessive automatically reduces the credit interest ultimately paid to the taxpayer by the same amount that it originally received. Thereafter, allowable interest will continue to accrue on the overpayment until the overpayment is refunded or offset, but again, on a reduced amount of principal, that is, reduced by the amount of the previously paid refund determined to be excessive.

(D) The TXI labeled Ford Illustration #4 (attached hereto as Exhibit G) is similar to Illustration #2. However, it further reduces the principal balance in the account (as of May 12, 1980), by the amount of credit interest ($769.31) the taxpayer already forfeited by virtue of there being less of an overpayment to start off with. The net principal balance at May 12, 1980 would be $79,230.69, and credit interest at May 12, 1981 would be reduced from **$12,677.26** to **$12,584.94**. This methodology essentially deducts credit interest twice: once in the interest calculation, and once in the principal balance calculation. It is not correct. Further, the calculation (or in this example – reduction) of credit interest after May 12, 1980, is now compounded and improper because the compounding of interest is not permitted prior to January 1, 1983. Illustration #4 represents the improper methodology utilized by the Service in computing Ford's interest on the entire 1976 Tax Year module.

10. As it relates to the partial recapture of the carry-back allowance from the 1979 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the principal (the recaptured carry-back amount ($42,813,374.00) AND the amount of allowable interest ($1,781,614.32) previously paid on the total carry-back allowance (46,316,906.46), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed following the Final Audit. In the present case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments.

11. The proper methodology in this case is to compute interest on the 1976 Tax Year module after the recapture of the overpaid tax portion of the carry-back overpayment refund as of its availability date (with respect to the carry-back allowance from the 1979 Tax Year, December 31, 1979), and ignore the allowable interest entirely.

<u>1980 Loss Year Carry-back Allowances - Recapture</u>

12. The carry-back allowance from the 1980 Tax Year referred to in paragraph 6 originally created overpayments that resulted in refunds from the 1976 Tax Year account on April 15, 1981, May 4, 1981, and December 2, 1987 [the latter in conjunction with a carry-back allowance from the 1981 Tax Year]($341,336.05, $22,291.00, and $13,462,867.00, respectively). Credit (allowable) interest was paid with these refunds ($11,670.89, $908.74 and a portion of $17,265,998.60 [paid in conjunction with the credit interest attributable to the overpayment created by the carry-back allowance from the 1981 Tax Year], respectively). With regard to the total recapture of the carry-back allowances from the 1980 Tax Year in conjunction with the 1995 audit, the Service erred in its methodology of recomputing interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year Account by the recaptured amounts of the carry-backs from the 1980 Tax Year from their effective date (December 31, 1980), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing the previously paid credit (allowable) interest paid with respect to the carry-backs recaptured on the dates the refunds were made. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983.

13. The Service's Audit Interest Calculations, read in conjunction with the Transcripts and the Form 2285, make clear the following regarding Ford's 1976 account:

(A) On or about May 4, 1981, the Service posted an abatement of tax ($341,336.05) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($341,336.05) of the resulting overpayment was paid on April 15, 1981.

The Service also paid allowable interest ($11,670.89) on this overpayment on the same date. (TC 295, cycle 8116; Transcript, attached to Joint Stipulation of Facts, p.521); (TCs 770, 840, cycle 8118; Transcript, attached to Joint Stipulation of Facts, p. 521).

(B) On or about June 8, 1981, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on May 4, 1981. The Service also paid allowable interest ($908.74) on this overpayment on the same date. (TC 295, cycle 8121; Transcript, attached to Joint Stipulation of Facts, p.521); (TCs 770, 840, cycle 8119; Transcript, attached to Joint Stipulation of Facts, p. 521).

(C) On or about December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. On January 4, 1988, the Service posted an abatement of tax ($524, 206.00) to the 1976 Tax Year as the result of a carry-back allowance from Ford's 1981 Tax Year. A refund ($13,462,867.00) of the overpayment attributable to the carry-back allowance from the 1980 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1981 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $16,722,603.00) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1981 Tax Year; See calculation approximating apportionment of allowable interest paid between the 1980 and the 1981 Tax Years, attached as Exhibit H). (TCs 299(2), cycles 8749 and 8751; Transcript, attached to Joint Stipulation of Facts, p.525); (TC 770, cycle 8751; Transcript, attached to Joint Stipulation of Facts, p. 526).

(D) As stated in Paragraph 8(D) above, on audit, the Service in 1996 determined an additional net overpayment in the 1976 Tax Year account of $5,052,403.00. The Service's determination was based, in part, on the recapture ($13,826,494.00) of the carry-back allowances from the 1980 Tax Year. (Form 2285, Exhibit A). On or about June 3, 1996, the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to the 1976 Tax Year account. On the same date, allowable interest ($10,079,031.45) posted to the 1976 account. In recomputing interest on the entire 1976 Tax Year module, the Service erred in recapturing the previously paid allowable interest associated with the carry-back allowances from the 1980 Tax Year. This methodology essentially reduced credit interest twice: once in the interest calculation, and once in the principal balance calculation. It is not correct. Further, the calculation (or in this case – reduction) of credit interest after April 15, 1981 (with regard to the amount refunded on April 15, 1981), and May 4, 1981 (with regard to the amount refunded on May 4, 1981), was compounded and improper because the compounding of interest is not permitted prior to January 1, 1983.

14. As it relates to the carry-back allowance from the 1980 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the principal (the recaptured carry-back amounts ($341,336.05, $22,291.00, and $13,462,867.00, respectively) AND the allowable interest previously paid on the recaptured amounts ($11,670.89, $908.74, and $16,722,603.00 [approximately]), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed following the Final Audit. In this case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments.

15. The proper methodology in this case is to compute interest on the 1976 Tax Year module after the recapture of the overpaid tax portion of the carry-back overpayment refund as of its availability date (with respect to the carry-back allowance from the 1980 Tax Year, December 31, 1980), and ignore the allowable interest entirely.

1981 Tax Year Carry-back Allowances - Increase

16. The two (2) carry-back allowances from the 1981 Tax Year referred to in paragraph 6 created overpayments resulting in the posting of offsets (2) during the week of September 26, 1982 [posting cycle 8239], and refunds (3) on September 14, 1982, July 12, 1983, and December 2, 1987 [the latter in conjunction with the carry-back allowance from the 1980 Tax Year – referred to in paragraph 12]. These refunds were paid with credit interest. With regard to the recalculated total carry-back allowance from the 1981 Tax Year in conjunction with the Final Audit, the Service erred in its methodology of recomputing interest: it separately recomputed allowable interest based (i) upon the total overpayment, but, (ii) subsequently decreased this amount by both the original principal allowance and the originally paid allowable interest. This methodology yielded an incorrect amount of credit interest.

17. The Service's Audit Interest Calculations, read in conjunction with the Transcripts and the Form 2285, make clear the following regarding Ford's 1976 account:

(A) On or about October 11, 1982, the Service posted an abatement of tax ($3,635,790.95) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. Transfers ($229,070.14 and $28,874.35) of a portion of the resulting overpayment were credited to Ford's 81/12 and 82/03 Form 941 Tax accounts as of January 1, 1982. A refund ($3,177,846.46) of a portion of the remaining, overpayment balance was paid on September 14,

1982. The Service also paid allowable interest ($424,873.72) on this overpayment on the same date. (TCs 295, 820(2) cycle 8239; Transcript, attached to Joint Stipulation of Facts, p.522); (TCs 770, 840, cycle 8241; Transcript, attached to Joint Stipulation of Facts, p. 523).

(B) A refund of the balance of the overpayment ($200,000.00) was paid on July 12, 1983. The Service also paid allowable interest ($59,284.86) on this overpayment on the same date. (TCs 770, 840 cycle 8329; Transcript, attached to Joint Stipulation of Facts, p. 523)

(C) On or about January 4, 1988, the Service posted an abatement of tax ($524,206.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. As stated in paragraph 13(C), on December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($524,206.00) of the overpayment attributable to the carry-back allowance from the 1981 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1980 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $543,702.38) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1980 Tax Year; See calculation approximating apportionment of allowable interest paid between the 1980 and the 1981 Tax Years, attached as Exhibit H). (TCs 299(2), cycles 8749 and 8751; Transcript, attached to Joint Stipulation of Facts, p. 525); (TCs 770, 840, cycle 8751; Transcript, attached to Joint Stipulation of Facts, p. 526).

(D) As stated in Paragraph 8(D) above, on audit, the Service in 1996 determined an additional net overpayment in Ford's 1976 Tax Year Account of $5,052,403.00. The Service's determination was based, in part, on the increase ($4,528,197.00) in the amount of the carry-back allowance from the 1981 Tax Year. (Form 2285, Exhibit B). On or about June 3,

1996, the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336) to Ford's 1976 Tax Year Account. On the same date, allowable interest ($10,079,031.45) posted to the 1976 account. In recomputing interest on the entire 1976 Tax Year module, the Service erred in: (i) recapturing the previously paid carry-back allowances from the 1981 Tax year; (ii) recapturing the previously paid allowable interest associated with the overpayments attributable to the previous carry-back allowances from the 1981 Tax Year; and, (iii) separately recomputing the total credit interest associated with the overpayment attributable to the recalculated, total carry-back allowance from the 1981 Tax Year. To illustrate the fallacy of the Service's methodology, I have attached three versions of a schedule reflecting hypothetical interest calculations performed on TXI. The fact patterns presented in the hypotheticals are representative of, or relate to, the calculation of credit interest on the increase ($4,528,197.00) of carry-back allowance attributable the 1981 Tax Year.

(E) The TXI labeled Ford Illustration #5 (attached hereto as Exhibit I) assumes that the taxpayer, having a zero balance in its 1976 account as of December 31, 1981 (i.e., neither owing anything to, nor being owed anything by, the Service), requests a carry-back allowance from its 1981 Tax Year of $1,000,000 and receives a refund of the resulting overpayment on November 15, 1982. The schedule shows the calculation of credit interest on the refund as being $167,671.23. The Service pays the allowable interest on November 15, 1982.

(F) The TXI labeled Ford Illustration #6 (attached hereto as Exhibit J) adds the following facts to Illustration #5: six weeks later – December 31, 1982 – the Service determines that the previously allowed carry-back was understated and that the carry-back allowance should be $4,000,000. In its new calculation, the Service calculates interest in the

following manner: (i) it initially computes allowable interest on the total $4,000,000 overpayment from January 1, 1982; (ii) it deducts the previously paid credit interest ($167,671.23); (iii) as of November 15, 1982, it recaptures the initial $1,000,000 carry-back allowance from the base (the principal) and further deducts the previously allowed credit interest ($167,671.23) from the base, thereby netting a reduced base amount of $2,832,328.77 upon which the credit interest is computed from that point in time forward; and, (iv) on December 31, 1982, refunds the remaining overpayment and pays the accrued allowable interest. Using this methodology, the schedule shows the calculation of credit interest on December 31, 1982 as being **$574,403.90** [$3,574,403.90 less the $3,000,000 overpayment]. Illustration #6 represents the improper methodology utilized by the Service in computing Ford's interest on the entire 1976 Tax Year module as it relates to the increase in carry-back allowance from the 1981 Tax Year.

(G) The TXI labeled Ford Illustration #7 (attached hereto as Exhibit K) reflects the same facts as described in Illustration #6, however, the methodology used to calculate the interest resulting from the increase in carry-back allowance is simply to determine credit interest on the net increase of overpayment attributable to the additional carry-back allowance ($3,000,000). The schedule shows the calculation of credit interest on the overpayment as being **$578,630.14** as of December 31, 1982.

(H) Comparing the accrued credit interest in the account as of December 31, 1982, in Illustrations #6 and #7, the schedules reveal that the Service's methodology of recapturing/deducting the previously paid allowable interest in its calculation of interest for the total module cost the taxpayer **$4,226.24** in credit interest.

19. The proper methodology in this instance (an increase to the carry-back allowance from the 1981 Tax Year) is to compute interest on the 1976 Tax Year module by (i) ignoring the

Service's original calculations of credit interest associated with the overpayments in the 1976 Tax Year account attributable to the prior carry-backs from the 1981 Tax Year, and, (ii) determine the credit interest on the net increase of overpayment in the 1976 Tax Year account attributable to the additional carry-back allowance from the 1981 Tax Year.

20. I believe the additional allowable interest due the taxpayer as of December 2, 1987, is $4,402,837.41. (TXI schedule attached hereto as Exhibit L).

Francine Silverman

Francine Silverman

Subscribed to and sworn to before me this 4th day of August, 2005.

Barbara A. Holzhauer

Notary Public

My Commission Expires: 11/22/2005
Dated: Aug. 4, 2005

BARBARA A. HOLZHAUER
NOTARY PUBLIC, State of New York
No. 01HO6020670
Qualified in Queens County
Commission Expires Nov. 22, 2005

NY2:#4649427v6

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit A

(Rev. April 1992) Offer of Waiver of Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment

| Symbols | Name of Taxpayer | SSN or EIN |
|---|---|---|
| CC:C:CLE:AP:DST | Ford Motor Company & Affiliated Companies | 38-0549190 |

Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the reverse side of this form.

**Deficiencies (Overassessments) and Additions to Tax**

| Tax Year Ended | Kind of Tax | Tax |
|---|---|---|
| 12/31/71 | Income | $ 1,208,985 |
| 12/31/76 | Income | (5,052,403) |
| 12/31/78 | Income | -0- |
| 12/31/81 | Income | (1,645) |
| 12/31/82 | Income | 80,168 |
| 12/31/83 | Income | (15,639,829) |
| 12/31/84 | Income | 64,360,724 |

Accepted as of the date the Joint Committee on Taxation completes its review without objection or the date accepted for the Commissioner, whichever is later.

RECEIVED
OCT 19 1995
APPEALS OFFICE
CLEVELAND, OHIO

| | |
|---|---|
| Signature of Taxpayer | Date |
| Signature of Taxpayer | Date |
| Signature of Taxpayer's Representative Loren M. Opper | Date 10-16-95 |
| Corporate Name Ford Motor Company & Affiliated Companies | Date |
| By Corporate Officer Title | Date |

| For Internal Revenue Use Only | Date Accepted for Commissioner 12/28/95 | Signature /s/ David S. Thomas for Thomas P.Dattilo |
|---|---|---|
| | Office | Title Appeals Team Chief |

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit B

Form 2285 (Rev. November 1989) in part
Department of the Treasury
Internal Revenue Service

"CORRECTED"
Concurrent Determinations of Deficiencies (Increases in Tax) and Overassessments (Decreases in Tax) in Cases Involving Restricted Interest Provisions of the Internal Revenue Code

Name of Taxpayer: FORD MOTOR COMPANY
Taxable Year Ended: 7612
Address:

Section I - Computation of Increase (Decrease) in Tax

Amounts representing decreases in tax are enclosed in parentheses in Sections I and II

Prepared by: K. KOWALSKI (DAT) 07-Aug-95

Interest Notice

| | General Adjustments | Carryback Losses or Credits From: Succeeding Taxable Year 7712 | Succeeding Taxable Year 7912 | Succeeding Taxable Year 8012 | Succeeding Taxable Year 8112 | After All Adjustments |
|---|---|---|---|---|---|---|
| CI No. | | | | | | |
| CI No. | | | | | | |
| Allowed under Code section I.R.C.6611(f) | (a) | (b) 010178 | (c) 010180 | (d) 010181 | (e) 010182 | (f) |
| 1. Taxable income for income tax purposes | 740,002,652.00 * | 740,002,652.00 * | 740,002,652.00 * | 740,002,652.00 * | 740,002,652.00 | 740,002,652.00 |
| 2. Net adjustments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3. Correct taxable income | 740,002,652.00 | 740,002,652.00 | 740,002,652.00 | 740,002,652.00 | 740,002,652.00 | 740,002,652.00 |
| 4. Tentative income tax | X X X X | 157,543,985.00 * | 101,491,569.00 * | 97,965,776.00 * | 97,965,776.00 | X X X X |
| 5. Less tax credit carryback | X X X X | 56,052,416.00 | 3,525,823.00 | 0.00 | 5,052,403.00 | X X X X |
| 6. Income tax | 157,543,985.00 * | 101,491,569.00 | 97,965,746.00 | 97,965,776.00 | 92,913,373.00 | (92,913,373.00) |
| 7. Previous tax liability | 152,317,913.00 | 157,543,985.00 | 101,491,569.00 | 97,965,746.00 | 97,965,776.00 | 152,317,913.00 |
| 8. Increase (decrease) in tax | 5,226,072.00 | (56,052,416.00) | (3,525,823.00) | 0.00 | (5,052,403.00) | (59,404,540.00) |
| 9. Tentative allowance | X X X X | 0.00 | 46,339,197.00 | 13,826,494.00 | 4,159,997.00 | 64,325,688.00 |
| 10. Net increase (decrease) in tax | 5,226,072.00 | (56,052,416.00) | 42,813,374.00 | 13,826,494.00 | (892,406.00) | 4,921,118.00 |
| PRIOR ACTIVITY ** | 19,210,006.00 | (56,049,277.00) | 42,813,374.00 | 363,627.00 | 3,635,791.00 | 9,973,521.00 |
| 11. ADD. INCREASE (DECREASE) AS PREVIOUSLY ADJUSTED | (13,983,934.00)A ✓ | (3,139.00) ✓ | 0.00 | 13,462,867.00 ✓A | (4,528,197.00) ✓ | (5,052,403.00) |

EXPLANATION FOR O/A=
80,158 = '78 ENERGY CREDIT C/B-'81 NOL C/B
4,860,541 = '78 WIN CREDIT C/B-'81 NOL C/B
111,673 - '78 NJC-'81 NOL C/B
5,052,372 VS. 5,052,403
31 ASSESSMENT ERROR

** SEE PRIOR FORM 2285(S)-8/29/84 & 3/5/91
A = (13,983,934) ERRONEOUSLY SHOWN IN COL. (a), GENERAL ADJUSTMENTS; SHOULD HAVE BEEN ATTRIBUTABLE TO 1980 CARRYBACK (SEE TRANSCRIPT)

Section II - Interest

Increase in tax to be charged $

| | Amount | From | To | Interest | Comments |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

870 Date: ______
23C Date: ______

5. ______ Increase/Decrease in tax | Name | Date of Computations | Interest to be Charged/Allowed $ ______

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit C

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| 1977 C/B | 01-01-78 | <50,716,847> | <50,716,847> |
| 1979 TC 295 07/28/80 | 08-01-79 | <22,291.00> | <55,603,786> |
| C/B RECAP | 01-01-80 | 42,813,374.00 | |
| 1979 TC 295 06/02/80 | 01-01-80 | <46,316,906> | <60,375,797> |
| TC 700 | 03-15-80 | <8,434.00> | <61,436,390> |
| ALLOWABLE INT REFUND | 05-12-80 | 1,781,614.32 | |
| IRS Check (-High Rate46,316,906.46) | 05-12-80 | 46,316,906.46 | <14,372,356> |
| ALLOW INT REFUND | 07-08-80 | 1,832.44 | |
| IRS Check (-High Rate 22,291.00) | 07-08-80 | 22,291.00 | <14,463,531> |
| C/B RECAP | 01-01-81 | 363,627.00 | |
| C/B RECAP | 01-01-81 | 13,462,867.00 | |
| 1980 TC 295 06/08/81 | 01-01-81 | <22,291.00> | |
| 1980 TC 295 05/04/81 | 01-01-81 | <341,336.05> | |
| 1980 TC 299 12/21/87 | 01-01-81 | <13,462,867> | <14,820,157> |
| TC 700 FROM 7712 | 03-15-81 | <2,115,070.10> | <17,082,310> |
| ALLOW INT REFUNED | 04-15-81 | 11,670.89 | |
| IRS Check (-High Rate 341,336.05) | 04-15-81 | 341,336.05 | <16,813,319> |
| ALLOW INT REFUNDED | 05-04-81 | 908.74 | |
| Tax | 05-04-81 | 22,291.00 | <16,839,408> |
| TC 820 TO 8112 | 01-01-82 | 28,874.35 | |
| TC 820 TO 8203 | 01-01-82 | 229,070.14 | |
| TC 850 TO 7712 | 01-01-82 | 1,917,986.06 | |
| C/B RECAP | 01-01-82 | 3,635,791.00 | |
| 1981 TC 299 01/04/88 | 01-01-82 | <524,206.00> | |
| TC 730 FROM 7712 | 01-01-82 | <1,917,986.06> | |
| 1981 TC 295 10/11/82 | 01-01-82 | <3,635,790.95> | |
| 1981 C/B ALLOW | 01-01-82 | <4,528,197.00> | <22,259,804> |
| ALLOW INT REFUNDED | 09-14-82 | 424,873.72 | |
| IRS Check (-High Rate 3,177,846.46) | 09-14-82 | 3,177,846.46 | <20,349,947> |
| ALLOW INT REFUNDED | 07-12-83 | 59,284.86 | |
| IRS Check (-High Rate 200,000.00) | 07-12-83 | 200,000.00 | <22,432,936> |
| TC 820 TO 7812 | 12-21-84 | 143,312.25 | |
| TC 820 TO 7812 | 12-21-84 | 2,511,518.58 | |
| TC 640 | 12-21-84 | <14,250,000> | <37,889,057> |
| TC 820 TO 7812 | 09-27-85 | 100,011.71 | |
| TC 670 | 09-27-85 | <100,011.71> | <41,634,932> |
| TC 670 | 10-08-85 | 4,000.00 | |
| TC 820 TO 7812 | 10-08-85 | <4,000.00> | <41,773,162> |
| TC 820 8212 | 12-02-87 | 132,857.97 | |
| TC 820 TO 7112 | 12-02-87 | 6,983,319.63 | |
| TC 820 TO 8412 | 12-02-87 | 12,429,592.85 | |
| IRS Check (-High Rate31,253,071.60) | 12-02-87 | 31,253,071.60 | 15.05 |
| Interest Computation Date | 12-02-87 | | 15.05 |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| 1977 C/B | 01-01-78 | | <50,716,847> | | <50,716,847> |
| Interest | 01-31-78 | 7.00 | <50,716,847> | <291,795.56> | <51,008,642> |
| Interest | 08-01-79 | 6.00 | <50,716,847> | <4,572,853.25> | <55,581,495> |
| 1979 TC 295 07/28/80 | 08-01-79 | | <22,291.00> | | <55,603,786> |
| Interest | 01-01-80 | 6.00 | <50,739,138> | <1,268,478.45> | <56,872,265> |
| C/B RECAP | 01-01-80 | | 42,813,374.00 | | 0.00 |
| 1979 TC 295 06/02/80 | 01-01-80 | | <46,316,906> | | <60,375,797> |
| Interest | 01-31-80 | 6.00 | <54,242,670> | <267,498.10> | <60,643,295> |
| Interest | 03-15-80 | 12.00 | <54,242,670> | <784,661.10> | <61,427,956> |
| TC 700 | 03-15-80 | | <8,434.00> | | <61,436,390> |
| Interest | 05-12-80 | 12.00 | <54,251,104> | <1,034,486.81> | <62,470,877> |
| ALLOWABLE INT REFUND | 05-12-80 | | 1,781,614.32 | | 0.00 |
| IRS Check | 05-12-80 | | 46,316,906.46 | | <14,372,356> |
| Interest | 07-08-80 | 12.00 | <6,152,583.72> | <115,297.73> | <14,487,654> |
| ALLOW INT REFUND | 07-08-80 | | 1,832.44 | | 0.00 |
| IRS Check | 07-08-80 | | 22,291.00 | | <14,463,531> |
| Interest | 01-01-81 | 12.00 | <6,128,460.28> | <356,626.02> | <14,820,157> |
| C/B RECAP | 01-01-81 | | 363,627.00 | | 0.00 |
| C/B RECAP | 01-01-81 | | 13,462,867.00 | | 0.00 |
| 1980 TC 295 06/08/81 | 01-01-81 | | <22,291.00> | | 0.00 |
| 1980 TC 295 05/04/81 | 01-01-81 | | <341,336.05> | | 0.00 |
| 1980 TC 299 12/21/87 | 01-01-81 | | <13,462,867> | | <14,820,157> |
| Interest | 03-15-81 | 12.00 | <6,128,460.33> | <147,083.05> | <14,967,240> |
| TC 700 FROM 7712 | 03-15-81 | | <2,115,070.10> | | <17,082,310> |
| Interest | 04-15-81 | 12.00 | <8,243,530.43> | <84,016.26> | <17,166,326> |
| ALLOW INT REFUNED | 04-15-81 | | 11,670.89 | | 0.00 |
| IRS Check | 04-15-81 | | 341,336.05 | | <16,813,319> |
| Interest | 05-04-81 | 12.00 | <7,890,523.49> | <49,288.75> | <16,862,608> |
| ALLOW INT REFUNDED | 05-04-81 | | 908.74 | | 0.00 |
| Tax | 05-04-81 | | 22,291.00 | | <16,839,408> |
| Interest | 01-01-82 | 12.00 | <7,867,323.75> | <625,937.21> | <17,465,346> |
| TC 820 TO 8112 | 01-01-82 | | 28,874.35 | | 0.00 |
| TC 820 TO 8203 | 01-01-82 | | 229,070.14 | | 0.00 |
| TC 850 TO 7712 | 01-01-82 | | 1,917,986.06 | | 0.00 |
| C/B RECAP | 01-01-82 | | 3,635,791.00 | | 0.00 |
| 1981 TC 299 01/04/88 | 01-01-82 | | <524,206.00> | | 0.00 |
| TC 730 FROM 7712 | 01-01-82 | | <1,917,986.06> | | 0.00 |
| 1981 TC 295 10/11/82 | 01-01-82 | | <3,635,790.95> | | 0.00 |
| 1981 C/B ALLOW | 01-01-82 | | <4,528,197.00> | | <22,259,804> |
| Interest | 01-31-82 | 12.00 | <12,661,782> | <124,883.33> | <22,384,687> |
| Interest | 09-14-82 | 20.00 | <12,661,782> | <1,567,979.61> | <23,952,667> |
| ALLOW INT REFUNDED | 09-14-82 | | 424,873.72 | | 0.00 |
| IRS Check | 09-14-82 | | 3,177,846.46 | | <20,349,947> |
| Interest | 12-31-82 | 20.00 | <9,059,062.03> | <536,097.92> | <20,886,045> |
| Interest | 06-30-83 | 16.00 | <20,886,045> | <1,724,272.17> | <22,610,317> |
| Interest | 07-12-83 | 11.00 | <22,610,317> | <81,904.49> | <22,692,221> |
| ALLOW INT REFUNDED | 07-12-83 | | 59,284.86 | | <22,632,936> |

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| IRS Check | 07-12-83 | | 200,000.00 | | <22,432,936> |
| Interest | 12-31-83 | 11.00 | <22,432,936> | <1,193,306.05> | <23,626,243> |
| Interest | 06-30-84 | 11.00 | <23,626,243> | <1,328,136.08> | <24,954,379> |
| Interest | 12-21-84 | 11.00 | <24,954,379> | <1,339,509.69> | <26,293,888> |
| TC 820 TO 7812 | 12-21-84 | | 143,312.25 | | <26,150,576> |
| TC 820 TO 7812 | 12-21-84 | | 2,511,518.58 | | <23,639,057> |
| TC 640 | 12-21-84 | | <14,250,000> | | <37,889,057> |
| Interest | 12-31-84 | 11.00 | <37,889,057> | <114,028.35> | <38,003,086> |
| Interest | 06-30-85 | 13.00 | <38,003,086> | <2,530,124.22> | <40,533,210> |
| Interest | 09-27-85 | 11.00 | <40,533,210> | <1,101,721.54> | <41,634,932> |
| TC 820 TO 7812 | 09-27-85 | | 100,011.71 | | <41,534,920> |
| TC 670 | 09-27-85 | | <100,011.71> | | <41,634,932> |
| Interest | 10-08-85 | 11.00 | <41,634,932> | <138,230.82> | <41,773,162> |
| TC 670 | 10-08-85 | | 4,000.00 | | <41,769,162> |
| TC 820 TO 7812 | 10-08-85 | | <4,000.00> | | <41,773,162> |
| Interest | 12-31-85 | 11.00 | <41,773,162> | <1,070,825.97> | <42,843,988> |
| Interest | 06-30-86 | 10.00 | <42,843,988> | <2,177,846.45> | <45,021,835> |
| Interest | 12-31-86 | 9.00 | <45,021,835> | <2,089,416.84> | <47,111,252> |
| Interest | 03-31-87 | 8.00 | <47,111,252> | <938,440.44> | <48,049,692> |
| Interest | 06-30-87 | 8.00 | <48,049,692> | <967,875.08> | <49,017,567> |
| Interest | 09-30-87 | 8.00 | <49,017,567> | <998,331.18> | <50,015,898> |
| Interest | 12-02-87 | 9.00 | <50,015,898> | <782,928.14> | <50,798,827> |
| TC 820 8212 | 12-02-87 | | 132,857.97 | | <50,665,969> |
| TC 820 TO 7112 | 12-02-87 | | 6,983,319.63 | | <43,682,649> |
| TC 820 TO 8412 | 12-02-87 | | 12,429,592.85 | | <31,253,056> |
| IRS Check | 12-02-87 | | 31,253,071.60 | | 15.05 |

Summary as of 12-02-87

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 168,370,130 | <137,966,234> | 0.00 | 30,403,895.71 |
| Refund interest | <30,403,880> | 0.00 | 0.00 | <30,403,880> |
| Totals | 137,966,249 | <137,966,234> | 0.00 | 15.05 |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-99 USER Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit D

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.2

Taxpayer name...: Ford Illustration 1 07-25-05

Taxpayer ID#....:



| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| 1979 Carryback | | 01-01-80 | <20,000.00> | <20,000.00> |
| IRS Check (-High Rate | 0.00) | 05-12-80 | 0.00 | <20,769.31> |
| | | | | |
| Interest Computation Date | | 05-12-80 | | <20,769.31> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| 1979 Carryback | 01-01-80 | | <20,000.00> | | <20,000.00> |
| Interest | 01-31-80 | 6.00 | <20,000.00> | <98.63> | <20,098.63> |
| Interest | 05-12-80 | 12.00 | <20,000.00> | <670.68> | <20,769.31> |
| IRS Check | 05-12-80 | | 0.00 | | 0.00 |

Summary as of 05-12-80

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 0.00 | <20,000.00> | 0.00 | <20,000.00> |
| Refund interest | <769.31> | 0.00 | 0.00 | <769.31> |
| Totals | <769.31> | <20,000.00> | 0.00 | <20,769.31> |

Prepared using: FEDERAL IRS interest rates

Table end date: 06-30-05 TVS Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit E

INTEREST AND PENALTY DETAIL REPORT — TaxInterest Version 2005.2
Taxpayer name...: Ford Illustration 2 — 07-25-05
Taxpayer ID#....: — 

| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| Carryback recapture | | 01-01-80 | 20,000.00 | |
| Transfer in | | 01-01-80 | <100,000.00> | <80,000.00> |
| Payment | | 05-12-80 | <0.01> | <83,077.27> |
| IRS Check (-High Rate | 0.00) | 05-12-81 | 0.00 | <92,677.27> |
| Interest Computation Date | | 05-12-81 | | <92,677.27> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Carryback recapture | 01-01-80 | | 20,000.00 | | 20,000.00 |
| Transfer in | 01-01-80 | | <100,000.00> | | <80,000.00> |
| Interest | 01-31-80 | 6.00 | <80,000.00> | <394.52> | <80,394.52> |
| Interest | 05-12-80 | 12.00 | <80,000.00> | <2,682.74> | <83,077.26> |
| Payment | 05-12-80 | | <0.01> | | <83,077.27> |
| Interest | 05-12-81 | 12.00 | <80,000.01> | <9,600.00> | <92,677.27> |
| IRS Check | 05-12-81 | | 0.00 | | 0.00 |

Summary as of 05-12-81

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 20,000.00 | <100,000.01> | 0.00 | <80,000.01> |
| Refund interest | <12,677.26> | 0.00 | 0.00 | <12,677.26> |
| Totals | 7,322.74 | <100,000.01> | 0.00 | <92,677.27> |

Prepared using: FEDERAL — IRS interest rates
Table end date: 06-30-05 — TVS Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit F

INTEREST AND PENALTY DETAIL REPORT
TaxInterest Version 2005.2
Taxpayer name...: Ford Illustration 3
07-25-05
Taxpayer ID#....:


| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| Payment | | 01-01-80 | <100,000.00> | <100,000.00> |
| Payment | | 05-12-80 | <0.01> | <103,846.58> |
| IRS Check (-High Rate | 0.00) | 05-12-81 | 0.00 | <115,846.58> |
| Interest Computation Date | | 05-12-81 | | <115,846.58> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Payment | 01-01-80 | | <100,000.00> | | <100,000.00> |
| Interest | 01-31-80 | 6.00 | <100,000.00> | <493.15> | <100,493.15> |
| Interest | 05-12-80 | 12.00 | <100,000.00> | <3,353.42> | <103,846.57> |
| Payment | 05-12-80 | | <0.01> | | <103,846.58> |
| Interest | 05-12-81 | 12.00 | <100,000.01> | <12,000.00> | <115,846.58> |
| IRS Check | 05-12-81 | | 0.00 | | 0.00 |

Summary as of 05-12-81

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 0.00 | <100,000.01> | 0.00 | <100,000.01> |
| Refund interest | <15,846.57> | 0.00 | 0.00 | <15,846.57> |
| Totals | <15,846.57> | <100,000.01> | 0.00 | <115,846.58> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-05 TVS Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit G

INTEREST AND PENALTY DETAIL REPORT — TaxInterest Version 2005.2
Taxpayer name...: Ford Illustration 4 — 07-25-05
Taxpayer ID#....:



| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| Carryback Recapture | | 01-01-80 | 20,000.00 | |
| Transfer In | | 01-01-80 | <100,000.00> | <80,000.00> |
| Interest Recaputre | | 05-12-80 | 769.31 | <82,307.95> |
| IRS Check (-High Rate | 0.00) | 05-12-81 | 0.00 | <91,815.63> |
| Interest Computation Date | | 05-12-81 | | <91,815.63> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Carryback Recapture | 01-01-80 | | 20,000.00 | | 20,000.00 |
| Transfer In | 01-01-80 | | <100,000.00> | | <80,000.00> |
| Interest | 01-31-80 | 6.00 | <80,000.00> | <394.52> | <80,394.52> |
| Interest | 05-12-80 | 12.00 | <80,000.00> | <2,682.74> | <83,077.26> |
| Interest Recaputre | 05-12-80 | | 769.31 | | <82,307.95> |
| Interest | 05-12-81 | 12.00 | <79,230.69> | <9,507.68> | <91,815.63> |
| IRS Check | 05-12-81 | | 0.00 | | 0.00 |

Summary as of 05-12-81

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 20,769.31 | <100,000.00> | 0.00 | <79,230.69> |
| Refund interest | <12,584.94> | 0.00 | 0.00 | <12,584.94> |
| Totals | 8,184.37 | <100,000.00> | 0.00 | <91,815.63> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-05 TVS Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit H

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.2
Taxpayer name...: Ford 1980 Carryback 07-25-05
Taxpayer ID#....:


| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Payment | 01-01-81 | <13,462,867> | <13,462,867> |
| IRS Check (-High Rate 0.00) | 12-03-87 | 0.00 | <30,185,470> |
| | | | |
| Interest Computation Date | 12-03-87 | | <30,185,470> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Payment | 01-01-81 | | <13,462,867> | | <13,462,867> |
| Interest | 01-31-82 | 12.00 | <13,462,867> | <1,748,328.48> | <15,211,195> |
| Interest | 12-31-82 | 20.00 | <13,462,867> | <2,463,889.08> | <17,675,084> |
| Interest | 06-30-83 | 16.00 | <17,675,084> | <1,459,187.52> | <19,134,272> |
| Interest | 12-31-83 | 11.00 | <19,134,272> | <1,090,835.41> | <20,225,107> |
| Interest | 06-30-84 | 11.00 | <20,225,107> | <1,136,943.14> | <21,362,050> |
| Interest | 12-31-84 | 11.00 | <21,362,050> | <1,214,420.21> | <22,576,470> |
| Interest | 06-30-85 | 13.00 | <22,576,470> | <1,503,069.39> | <24,079,540> |
| Interest | 12-31-85 | 11.00 | <24,079,540> | <1,372,762.70> | <25,452,302> |
| Interest | 06-30-86 | 10.00 | <25,452,302> | <1,293,791.94> | <26,746,094> |
| Interest | 12-31-86 | 9.00 | <26,746,094> | <1,241,258.62> | <27,987,353> |
| Interest | 03-31-87 | 8.00 | <27,987,353> | <557,498.75> | <28,544,852> |
| Interest | 06-30-87 | 8.00 | <28,544,852> | <574,984.97> | <29,119,837> |
| Interest | 09-30-87 | 8.00 | <29,119,837> | <593,078.01> | <29,712,915> |
| Interest | 12-03-87 | 9.00 | <29,712,915> | <472,554.81> | <30,185,470> |
| IRS Check | 12-03-87 | | 0.00 | | <30,185,470> |

Summary as of 12-03-87

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 0.00 | <13,462,867> | 0.00 | <13,462,867> |
| Refund interest | <16,722,603> | 0.00 | 0.00 | <16,722,603> |
| Totals | <16,722,603> | <13,462,867> | 0.00 | <30,185,470> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-05 TVS Table

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.2
Taxpayer name...: Ford 1981 Carryback 07-25-05
Taxpayer ID#....: Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Payment | 01-01-82 | <524,206.00> | <524,206.00> |
| IRS Check (-High Rate 0.00) | 12-03-87 | 0.00 | <1,067,908.38> |
| Interest Computation Date | 12-03-87 | | <1,067,908.38> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Payment | 01-01-82 | | <524,206.00> | | <524,206.00> |
| Interest | 01-31-82 | 12.00 | <524,206.00> | <5,170.25> | <529,376.25> |
| Interest | 12-31-82 | 20.00 | <524,206.00> | <95,936.88> | <625,313.13> |
| Interest | 06-30-83 | 16.00 | <625,313.13> | <51,623.47> | <676,936.60> |
| Interest | 12-31-83 | 11.00 | <676,936.60> | <38,591.82> | <715,528.42> |
| Interest | 06-30-84 | 11.00 | <715,528.42> | <40,223.03> | <755,751.45> |
| Interest | 12-31-84 | 11.00 | <755,751.45> | <42,964.03> | <798,715.48> |
| Interest | 06-30-85 | 13.00 | <798,715.48> | <53,175.93> | <851,891.41> |
| Interest | 12-31-85 | 11.00 | <851,891.41> | <48,565.91> | <900,457.32> |
| Interest | 06-30-86 | 10.00 | <900,457.32> | <45,772.06> | <946,229.38> |
| Interest | 12-31-86 | 9.00 | <946,229.38> | <43,913.53> | <990,142.91> |
| Interest | 03-31-87 | 8.00 | <990,142.91> | <19,723.32> | <1,009,866.23> |
| Interest | 06-30-87 | 8.00 | <1,009,866.23> | <20,341.95> | <1,030,208.18> |
| Interest | 09-30-87 | 8.00 | <1,030,208.18> | <20,982.05> | <1,051,190.23> |
| Interest | 12-03-87 | 9.00 | <1,051,190.23> | <16,718.15> | <1,067,908.38> |
| IRS Check | 12-03-87 | | 0.00 | | <1,067,908.38> |

Summary as of 12-03-87

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 0.00 | <524,206.00> | 0.00 | <524,206.00> |
| Refund interest | <543,702.38> | 0.00 | 0.00 | <543,702.38> |
| Totals | <543,702.38> | <524,206.00> | 0.00 | <1,067,908.38> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-05 TVS Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit I

INTEREST AND PENALTY DETAIL REPORT — TaxInterest Version 2005.3
Taxpayer name...: Ford Illustration 5 — 07-29-05
Taxpayer ID#....: — 

| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| 1981 carryback | | 01-01-82 | <1,000,000.00> | <1,000,000.00> |
| IRS Check (-High Rate | 0.00) | 11-15-82 | 0.00 | <1,167,671.23> |
| | | | | |
| Interest Computation Date | | 11-15-82 | | <1,167,671.23> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| 1981 carryback | 01-01-82 | | <1,000,000.00> | | <1,000,000.00> |
| Interest | 01-31-82 | 12.00 | <1,000,000.00> | <9,863.01> | <1,009,863.01> |
| Interest | 11-15-82 | 20.00 | <1,000,000.00> | <157,808.22> | <1,167,671.23> |
| IRS Check | 11-15-82 | | 0.00 | | 0.00 |

Summary as of 11-15-82

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 0.00 | <1,000,000.00> | 0.00 | <1,000,000.00> |
| Refund interest | <167,671.23> | 0.00 | 0.00 | <167,671.23> |
| Totals | <167,671.23> | <1,000,000.00> | 0.00 | <1,167,671.23> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-99 USER Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit J

INTEREST AND PENALTY DETAIL REPORT — TaxInterest Version 2005.3
Taxpayer name...: Ford Illustration 6 — 07-29-05
Taxpayer ID#....: — Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Total allowance | 01-01-82 | <4,000,000.00> | <4,000,000.00> |
| Interest (-High Rate 167,671.23) | 11-15-82 | 167,671.23 | |
| Principal (-High Rate 1,000,000.00) | 11-15-82 | 1,000,000.00 | <3,503,013.70> |
| Interest Computation Date | 12-31-82 | | <3,574,403.90> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Total allowance | 01-01-82 | | <4,000,000.00> | | <4,000,000.00> |
| Interest | 01-31-82 | 12.00 | <4,000,000.00> | <39,452.05> | <4,039,452.05> |
| Interest | 11-15-82 | 20.00 | <4,000,000.00> | <631,232.88> | <4,670,684.93> |
| Interest | 11-15-82 | | 167,671.23 | | 0.00 |
| Principal | 11-15-82 | | 1,000,000.00 | | <3,503,013.70> |
| Interest | 12-31-82 | 20.00 | <2,832,328.77> | <71,390.20> | <3,574,403.90> |

Summary as of 12-31-82

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 1,167,671.23 | <4,000,000.00> | 0.00 | <2,832,328.77> |
| Refund interest | <742,075.13> | 0.00 | 0.00 | <742,075.13> |
| Totals | 425,596.10 | <4,000,000.00> | 0.00 | <3,574,403.90> |

Prepared using: FEDERAL    IRS interest rates
Table end date: 06-30-99    USER Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit K

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.3
Taxpayer name...: Ford Illustration 7 07-29-05
Taxpayer ID#....: Page 1

| Events | | Date | Amount | Event Date Balance (1) |
|---|---|---|---|---|
| Previously refunded | | 01-01-82 | 1,000,000.00 | |
| Total Allowance | | 01-01-82 | <4,000,000.00> | <3,000,000.00> |
| IRS Check (-High Rate | 0.00) | 11-15-82 | 0.00 | <3,503,013.70> |
| Interest Computation Date | | 12-31-82 | | <3,578,630.14> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Previously refunded | 01-01-82 | | 1,000,000.00 | | 1,000,000.00 |
| Total Allowance | 01-01-82 | | <4,000,000.00> | | <3,000,000.00> |
| Interest | 01-31-82 | 12.00 | <3,000,000.00> | <29,589.04> | <3,029,589.04> |
| Interest | 11-15-82 | 20.00 | <3,000,000.00> | <473,424.66> | <3,503,013.70> |
| IRS Check | 11-15-82 | | 0.00 | | <3,503,013.70> |
| Interest | 12-31-82 | 20.00 | <3,000,000.00> | <75,616.44> | <3,578,630.14> |

Summary as of 12-31-82

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax or IRS Check | 1,000,000.00 | <4,000,000.00> | 0.00 | <3,000,000.00> |
| Refund interest | <578,630.14> | 0.00 | 0.00 | <578,630.14> |
| Totals | 421,369.86 | <4,000,000.00> | 0.00 | <3,578,630.14> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-99 USER Table

Ford Motor Co. v. United States
(No. 02-483 T)
The Honorable Francis M. Allegra

# Exhibit L

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.3
Taxpayer name...: FORD MOTOR COMPANY 7812 1 OF 3 08-04-05
Taxpayer ID#....: 38-0549190 Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| NET TAX INCREASE | 09-14-77 | 5,226,072.00 | 5,226,072.00 |
| 1977 C/B | 01-01-78 | <56,052,416> | <50,716,847> |
| Interest Computation Date | 01-01-78 | | <50,716,847> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| NET TAX INCREASE | 09-14-77 | | 5,226,072.00 | | 5,226,072.00 |
| Interest | 01-01-78 | 7.00 | 5,226,072.00 | 109,496.95 | 5,335,568.95 |
| 1977 C/B | 01-01-78 | | <56,052,416> | | 0.00 |

Summary as of 01-01-78

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 5,226,072.00 | <55,942,919> | 0.00 | <50,716,847> |
| Interest | 109,496.95 | <109,496.95> | 0.00 | 0.00 |
| Totals | 5,335,568.95 | <56,052,416> | 0.00 | <50,716,847> |

Prepared using: FEDERAL IRS interest rates
Table end date: 09-30-05 TVS Table

INTEREST AND PENALTY DETAIL REPORT — TaxInterest Version 2005.3
Taxpayer name...: FORD MOTOR COMPANY 7612 2 02 3 — 08-04-05
Taxpayer ID#....: 38-0549190



| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| CARRYFORWARD | 01-01-78 | <50,716,847> | <50,716,847> |
| 1979 C/B RECAP | 01-01-80 | 42,813,374.00 | <14,036,043> |
| TC 700 | 03-15-80 | <8,434.00> | <14,197,782> |
| 1980 C/B RECAP | 01-01-81 | 13,826,494.00 | <1,130,831.83> |
| | | | |
| Interest Computation Date | 01-01-81 | | <1,130,831.83> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| CARRYFORWARD | 01-01-78 | | <50,716,847> | | <50,716,847> |
| Interest | 01-31-78 | 7.00 | <50,716,847> | <291,795.56> | <51,008,642> |
| Interest | 01-01-80 | 6.00 | <50,716,847> | <5,840,774.43> | <56,849,417> |
| 1979 C/B RECAP | 01-01-80 | | 42,813,374.00 | | <14,036,043> |
| Interest | 01-31-80 | 6.00 | <7,903,473.04> | <38,976.03> | <14,075,019> |
| Interest | 03-15-80 | 12.00 | <7,903,473.04> | <114,329.69> | <14,189,348> |
| TC 700 | 03-15-80 | | <8,434.00> | | <14,197,782> |
| Interest | 01-01-81 | 12.00 | <7,911,907.04> | <759,543.08> | <14,957,325> |
| 1980 C/B RECAP | 01-01-81 | | 13,826,494.00 | | 0.00 |

Summary as of 01-01-81

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 56,639,868.00 | <50,725,281> | 0.00 | 5,914,586.96 |
| Refund interest | <7,045,418.79> | 0.00 | 0.00 | <7,045,418.79> |
| Totals | 49,594,449.21 | <50,725,281> | 0.00 | <1,130,831.83> |

Prepared using: FEDERAL IRS interest rates
Table end date: 09-30-05 TVS Table

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| TC 706 | 03-15-81 | <2,115,070.10> | <2,115,070.10> |
| 81 C/B | 01-01-82 | <892,376.00> | <3,210,492.83> |
| ALLOW INTEREST | 12-31-82 | <1,130,831.83> | <4,921,390.97> |
| TC 820 TO 7812 | 12-21-84 | 143,312.25 | |
| TC 820 TO 7812 | 12-21-84 | 2,511,518.58 | |
| TC 640 | 12-21-84 | <14,250,000> | <17,862,424> |
| TC 820 TO 7812 | 09-27-85 | 100,011.71 | |
| TC 670 | 09-27-85 | <100,011.71> | <19,628,379> |
| TC 820 TO 7812 | 10-08-85 | 4,000.00 | |
| TC 670 | 10-08-85 | <4,000.00> | <19,693,547> |
| TC 820 TO 8212 | 12-02-87 | 132,857.97 | |
| TC 820 TO 7112 | 12-02-87 | 6,983,319.63 | |
| TC 820 TO 8412 | 12-02-87 | 12,429,592.85 | <4,402,837.41> |
| | | | |
| Interest Computation Date | 12-02-87 | | <4,402,837.41> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| TC 706 | 03-15-81 | | <2,115,070.10> | | <2,115,070.10> |
| Interest | 01-01-82 | 12.00 | <2,115,070.10> | <203,046.73> | <2,318,116.83> |
| 81 C/B | 01-01-82 | | <892,376.00> | | 0.00 |
| Interest | 01-31-82 | 12.00 | <3,007,446.10> | <29,662.48> | <3,240,155.31> |
| Interest | 12-31-82 | 20.00 | <3,007,446.10> | <550,403.83> | <3,790,559.14> |
| ALLOW INTEREST | 12-31-82 | | <1,130,831.83> | | 0.00 |
| Interest | 06-30-83 | 16.00 | <4,921,390.97> | <406,291.25> | <5,327,682.22> |
| Interest | 12-31-83 | 11.00 | <5,327,682.22> | <303,728.53> | <5,631,410.75> |
| Interest | 06-30-84 | 11.00 | <5,631,410.75> | <316,566.62> | <5,947,977.37> |
| Interest | 12-21-84 | 11.00 | <5,947,977.37> | <319,277.56> | <6,267,254.93> |
| TC 820 TO 7812 | 12-21-84 | | 143,312.25 | | <6,123,942.68> |
| TC 820 TO 7812 | 12-21-84 | | 2,511,518.58 | | <3,612,424.10> |
| TC 640 | 12-21-84 | | <14,250,000> | | <17,862,424> |
| Interest | 12-31-84 | 11.00 | <17,862,424> | <53,757.55> | <17,916,181> |
| Interest | 06-30-85 | 13.00 | <17,916,181> | <1,192,802.20> | <19,108,983> |
| Interest | 09-27-85 | 11.00 | <19,108,983> | <519,395.80> | <19,628,379> |
| TC 820 TO 7812 | 09-27-85 | | 100,011.71 | | <19,528,367> |
| TC 670 | 09-27-85 | | <100,011.71> | | <19,628,379> |
| Interest | 10-08-85 | 11.00 | <19,628,379> | <65,167.56> | <19,693,547> |
| TC 820 TO 7812 | 10-08-85 | | 4,000.00 | | <19,689,547> |
| TC 670 | 10-08-85 | | <4,000.00> | | <19,693,547> |
| Interest | 12-31-85 | 11.00 | <19,693,547> | <504,830.38> | <20,198,377> |
| Interest | 06-30-86 | 10.00 | <20,198,377> | <1,026,724.31> | <21,225,101> |
| Interest | 12-31-86 | 9.00 | <21,225,101> | <985,035.04> | <22,210,136> |
| Interest | 03-31-87 | 8.00 | <22,210,136> | <442,418.52> | <22,652,555> |

INTEREST AND PENALTY DETAIL REPORT TaxInterest Version 2005.3
Taxpayer name...: FORD MOTOR COMPANY 7612 3 OF 3 08-04-05
Taxpayer ID#....: 38-0549190 

Interest Detail

| Event | Date | Rate | Base | Interest | Balance |
|---|---|---|---|---|---|
| Interest | 06-30-87 | 8.00 | <22,652,555> | <456,295.20> | <23,108,850> |
| Interest | 09-30-87 | 8.00 | <23,108,850> | <470,653.42> | <23,579,504> |
| Interest | 12-02-87 | 9.00 | <23,579,504> | <369,103.78> | <23,948,607> |
| TC 820 TO 8212 | 12-02-87 | | 132,857.97 | | <23,815,749> |
| TC 820 TO 7112 | 12-02-87 | | 6,983,319.63 | | <16,832,430> |
| TC 820 TO 8412 | 12-02-87 | | 12,429,592.85 | | <4,402,837.41> |

Summary as of 12-02-87

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 22,304,612.99 | <18,492,289> | 0.00 | 3,812,323.35 |
| GATT rate interest | <8,215,160.76> | 0.00 | 0.00 | <8,215,160.76> |
| Totals | 14,089,452.23 | <18,492,289> | 0.00 | <4,402,837.41> |

Prepared using: FEDERAL IRS interest rates
Table end date: 09-30-05 TVS Table