**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiff,** | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, the United States, respectfully moves the court for an enlargement of time of 60 days, from December 5, 2005, to and including February 3, 2006, within which to respond to plaintiff's motion for summary judgment. This is the third enlargement requested for this purpose, two prior enlargements having been allowed for a total period of 90 days. The last enlargement was allowed with the admonition that "[n]o further enlargements of this deadline will be granted." As explained further below, defendant has been working actively and diligently on this case, and the requested enlargement is essential.

The United States cannot respond to plaintiff's motion for summary judgment on December 5, and requiring the Government nevertheless to do so would be prejudicial, and would lead ultimately to a confused and incomplete presentation and resolution of the actual issues presented by this case.

On the basis of their review of the record in this case, including plaintiff's motion for summary judgment and certain computations that have been prepared, as well as the parties' prior discussions in an effort to resolve disputes, defendant's attorneys will seek authority to partially resolve the legal issue briefed by plaintiff in its motion for summary judgment through administrative action. Because of the nature and the amount involved in that administrative action, it must be reviewed by the Assistant Attorney General, after receipt of the views of the Chief Counsel, Internal Revenue Service, and analysis and recommendation by the Tax Division's Office of Review. Receipt of this authority – via approval of a partial administrative concession – will not resolve this case in its entirety, however, because while plaintiff's *brief* raises and discusses *one* legal issue, plaintiff's *computations* raise (at least) *two* legal issues. Moreover, plaintiff's computations are themselves apparently based upon prior computations by the Internal Revenue Service, which computations are themselves substantially flawed in ways addressed neither by plaintiff's brief, nor by plaintiff's computations.

The instant case is trivial neither in the amount claimed, nor in the complexity, difficulty, and obscurity of the issues presented. Plaintiff asserts that it is entitled to about $4.4 million as of December, 1987. That claim, with accrued interest, translates into about $13.5 million today. Plaintiff's motion argues that the Service erred in reducing an overpayment balance by interest originally paid on certain carryback allowances and relies on a computation to support the total amount claimed. A review of the computation reveals a legal issue involving the accrual of interest during a temporary period when plaintiff's account was in overpayment status, and the propriety of using that interest to offset a subsequent deficiency in the same account, in the context of pre-TEFRA law (that is, prior to the imposition of compound interest on tax deficiencies and overpayments). Plaintiff has at least done something very much like that in its

computations and the issue accounts for more than half of the total amount claimed. That legal issue may well be the only issue that ultimately separates the parties.

Plaintiff's computations also appear to be based on prior computations which were themselves flawed. Those errors primarily involve use of an erroneous effective date for a certain carryback applied to plaintiff's account, and the improper application of various tax credit limitations. It appears that if these errors were to be corrected (and they are not corrected in plaintiff's computations) the entirety of plaintiff's claim would be eliminated. Nevertheless, in the process of seeking authority for the partial administrative settlement referred to above, a determination must be made as to whether correction of these errors is prevented by the statute of limitation, by estoppel, or by some other bar.

Our trial attorney will submit his formal recommendation regarding the partial administrative settlement on or before November 30. Defendant's attorneys have discussed this matter with the Chief of the Office of Review. He indicated that his office would make every effort to complete their work within 75 days of receipt of our trial attorney's formal recommendation. The recommendation of the Office of Chief Counsel has already been drafted by the District Counsel (Detroit), and is presently being reviewed in the National Office. Because final action must be taken by the Assistant Attorney General, it is difficult to predict with confidence the additional time necessary for that consideration.

As this discussion indicates, the Government cannot make an authoritative and appropriate response to plaintiff's motion for summary judgment within the present period. In addition, it is likely that the administrative process outlined above will not be completed within the 60 days requested herein. It is therefore anticipated that additional time will be sought, but at a time when substantial progress will have been made and can be reported to the Court, and when

it will be possible to significantly reduce the number of uncertainties that make estimates of completion difficult at this time.

The Court is understandably frustrated at the pace of this case. It is clear, at least in retrospect, that counsel for the parties, and certainly counsel for the Government, did less than they might have to move the case toward a final resolution during the substantial time during which settlement was being explored. But defendant suggests that the posture of the case will not be improved by denying the Government the time needed to pursue an administrative resolution that promises to simplify and reduce the matters the Court will need to decide and which will, in any event, enable the Government to file an authoritative and accurate response to plaintiff's motion. Since the filing of the stipulation of facts, progress on this case has not been delayed due to any lack of energy or application. Our attorney, the District Counsel's office, and the Tax Division's Recomputation Specialist have worked diligently to understand and analyze the issues presented by plaintiff's motion, and have made considerable progress toward a successful conclusion: the logical, complete and understandable presentation of the issues for decision by the Court.

We are authorized to state that plaintiff has no objection to this motion.

WHEREFORE, defendant prays its motion be granted.

Respectfully submitted.

s/ W. C. Rapp
W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

November 18, 2005

s/ Steven I. Frahm
Of Counsel