**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiff,** | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, the United States, respectfully moves the court for an enlargement of time of 60 days, from January 5, 2006, to and including March 6, 2006, within which to respond to plaintiff's motion for summary judgment. This is the fourth enlargement requested for this purpose, three prior enlargements having been allowed for a total period of 120 days. The last enlargement was allowed with the admonition that, when seeking additional time:

> . . . defendant shall file a detailed motion describing:
>
> (i) The status of the review required by the Office of Review, the Chief Counsel, and the Assistant Attorney General for approval of the administrative action sought; and
>
> (ii) The status of the computations in question.

As explained in our motion filed December 5, 2005,

> . . . . defendant's attorneys will seek authority to partially resolve the legal issue briefed by plaintiff in its motion for summary judgment through administrative action. Because of the nature and the amount involved in that administrative action, it must be reviewed by the Assistant Attorney General, after receipt of the views of the Chief Counsel, Internal Revenue Service, and analysis and

> recommendation by the Tax Division's Office of Review. Receipt of this authority – via approval of a partial administrative concession – will not resolve this case in its entirety, however, because while plaintiff's *brief* raises and discusses *one* legal issue, plaintiff's *computations* raise (at least) *two* legal issues. Moreover, plaintiff's computations are themselves apparently based upon prior computations by the Internal Revenue Service, which computations are themselves substantially flawed in ways addressed neither by plaintiff's brief, nor by plaintiff's computations.

Our motion also represented:

> Our trial attorney will submit his formal recommendation regarding the partial administrative settlement on or before November 30. Defendant's attorneys have discussed this matter with the Chief of the Office of Review. He indicated that his office would make every effort to complete their work within 75 days of receipt of our trial attorney's formal recommendation. The recommendation of the Office of Chief Counsel has already been drafted by the District Counsel (Detroit), and is presently being reviewed in the National Office. Because final action must be taken by the Assistant Attorney General, it is difficult to predict with confidence the additional time necessary for that consideration.

Our trial attorney's memorandum was completed by November 30. Having been advised that we would receive the Chief Counsel's recommendation very shortly, our attorney did not submit his recommendation until December 5, 2005. By that time, he had received and reviewed the Chief Counsel's recommendation, dated December 1, 2005. Our attorney's memorandum was endorsed by the Assistant Chief of the Court of Federal Claims Section, and the case was transferred to the Office of Review on December 12, 2006. That Office has assigned this case to a Senior Attorney who is very experienced in interest questions. Because of other matters, he has been unable yet to turn his attention to this case. Among those matters is work on *International Business Machines, Inc. v. United* States, Fed. Cl. No. 95-828 T, a case filed some years prior to the instant case.

Shortly after submission of this matter to the Office of Review, our trial attorney had additional discussions with both the attorney and the interest expert at the Internal Revenue

Service who are responsible for this case. As a consequence of those discussions, we received additional advice and information from the Office of Chief Counsel by letter dated December 23, 2005. We can also report that all computations that have been requested – including computations from both the Internal Revenue Service and the Tax Division's Interest Computations Specialist – have been completed.

Accordingly, the time requested herein is necessary to continue the process of seeking authorization to take those legal positions in this case that our trial attorney has recommended.

We are authorized to state that plaintiff has no objection to this motion.

WHEREFORE, defendant prays its motion be granted.

Respectfully submitted.

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

December 5, 2005

s/ Steven I. Frahm
Of Counsel