**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiffs,** | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Defendant, the United States, pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, proposes the following findings of uncontroverted fact:

1. The document attached as Exhibit A to the Maritz Declaration[1/] is a recomputation of interest which accurately reproduces the last recomputation performed by the Internal Revenue Service. Maritz Declaration ¶ 7.

2. The document attached as Exhibit B to the Maritz Declaration is a recomputation of interest which accurately reproduces the computations upon which plaintiff relies to establish the amount to which it claims to be entitled in this case. Maritz Declaration ¶ 8.

3. The document attached as Exhibit C to the Maritz Declaration is a recomputation of interest which is identical to Exhibit B, except that, in Exhibit C, overpayment interest that

[1/] Declaration of Micheline M. Maritz, filed herewith.

accrued between January 1, 1978 and January 1, 1981, *is not* netted against the underpayment of tax that arose on January 1, 1981, whereas in Exhibit B this overpayment interest is netted against the tax deficiency that arose on that date. This recomputation shows an overpayment interest balance as of December 2, 1987 in the amount of $1,243,334.86. Maritz Declaration ¶ 9.

4. The document attached as Exhibit D to the Maritz Declaration is a recomputation of interest which is identical to Exhibit C, except that it uses as availability dates for the various carryback credits which were applied to reduce plaintiff's 1976 tax liability the dates and amounts as set out in Exhibit E to the Maritz Declaration. This recomputation shows that, as of December 2, 1987, plaintiff owed the Government $2,231,986 in deficiency interest, and $8,453,930 in excess overpayment interest erroneously paid to plaintiff, for a total of $10,685,916. Maritz Declaration ¶ 10.

5. Plaintiff's 1976 year tax liability was adjusted numerous times based on general adjustments (adjustments that relate to the return as originally filed rather than to carryback items) as well as carrybacks from 1977, 1979, 1980, and 1981. Maritz Declaration ¶ 11.

6. The tax liability was finalized with the Appeals Office of the Internal Revenue Service in an agreement embodied in a Form 870 AD, signed for the Service on December 28, 1995. Maritz Declaration ¶ 12.

7. A recomputation of tax and interest purportedly implementing the Form 870 AD was performed by IRS Appeals in 1996, resulting in the allowance of credits on June 3, 1996, in the amounts of $5,052,403.00 in tax, $4,414,336.00 in abated deficiency interest previously charged, plus $10,079,031.45 in statutory interest. A copy of this computation is attached as

Exhibit A to the Stipulation filed July 1, 2005, and is referred to hereafter as the "Audit Interest Calculations." Maritz Declaration ¶ 13.

8. On June 12, 1997, the taxpayer filed an administrative claim for allowance of $4,401,991 in additional statutory interest, asserting an error in the 1996 computation. Maritz Declaration ¶ 14.

9. A Form 2285 ("Concurrent Determinations of Deficiencies and Overassessments in Cases Involving Restricted Interest Provisions of the Internal Revenue Code") was prepared to reflect the 1995 Form 870 AD settlement. That Form 2285 (a copy of which is attached as Exhibit B to the Affidavit of Francine Silverman, submitted with taxpayer's brief) showed that taxpayer had an underpayment of tax of $5,226,072 due to general adjustments to the original return (effective on the due date of the return). It then showed a $56,052,416 reduction in tax liability effective January 1, 1978, due to credit carrybacks from 1977.[2/] It then showed increases in liability of $42,813,374 effective January 1, 1980, and $13,826,494 effective January 1, 1981. This yields a net tax underpayment balance of $5,813,524 as of January 1, 1981. However, due to the interim tax reduction of $56,052,416, there existed an overpayment in the taxpayer's 1976 account between January 1, 1978 and January 1, 1981. Based upon the above-referenced Form 2285, the taxpayer's computations show that taxpayer was due overpayment interest of $7,045,419 as of January 1, 1981. The taxpayer's computation offset this interest against the $5,813,524 tax underpayment, thereby eliminating the tax due, and cutting off the accrual of deficiency interest on this underpayment. Maritz Declaration ¶ 15.

---

[2/] This entry was erroneous, as set out below, because most of the carryback was actually only available as of January 1, 1980.

10. The Form 2285 prepared by the Internal Revenue Service, dated August 7, 1995, and attached as Exhibit B to the Affidavit of Francine Silverman, summarizes the final tax liability for plaintiff's 1976 tax year, as well as the source and amounts of carrybacks applied to reduce that tax liability. This document is referred to hereafter as "the 1995 Form 2285." Maritz Declaration ¶ 16.

11. A Form 2285 is intended to summarize the various carrybacks that have been applied to reduce a taxpayer's liability for the relevant year, and thus is a way to keep track of the year in which the various carrybacks arose, and their amount. Where, as here, carrybacks from several different years are used to reduce the taxpayer's tax liability, those carrybacks will have different dates as of which they may be applied against the taxpayer's liability, for purposes of computing interest. This is because for the years in suit interest on an overpayment which results from a carryback does not commence until (at the earliest) the end of the year that generates that carryback or, if made available as the result of a net operating loss, then at the end of the year generating that net operating loss. Maritz Declaration ¶ 17.

12. The 1995 Form 2285 should have marshaled information derived from the last revenue agent's report. That Report included schedules that set out the exact amount, nature, and source year for carryback credits being applied to reduce taxpayer's liability for 1976. Maritz Declaration ¶ 18.

13. The 1995 Form 2285 prepared by the Internal Revenue Service does not correctly set out the amount, nature, and source year of the carryback credits applied to reduce taxpayer's liability for 1976. Maritz Declaration ¶ 19.

14. The 1995 Form 2285 underlying the Audit Interest Computations, on which plaintiff relies for its recomputation, is incorrect in showing that a $56,052,416 carryback from 1977 originated in 1977, and, hence, was effective to reduce the 1976 tax liability as of January 1, 1978. Maritz Declaration ¶ 20.

15. The document attached as Exhibit E to the Maritz Declaration is a corrected Form 2285 (at E-1) that accurately sets out the amount, nature and source year for all carrybacks applied to reduce taxpayer's liability for 1976. Immediately following the Corrected Form 2285 (at E-2) is a summary of the amount, nature and source year of the carryback credits set out in the corrected Form 2285. That summary, in turn, references various schedules and exhibits to the final revenue agent's report, showing the source of each of the figures. Copies of those schedules and exhibits (16 pages) are reproduced immediately after the summary, at pages E-3 through E-18. Maritz Declaration ¶ 21.

16. The Corrected Form 2285 does not change the total amount of credits carried back to 1976 from the total amounts set out in the 1995 Form 2285. However, the Corrected Form 2285 substantially changes the source years, and therefore the availability dates, of those credits. Maritz Declaration ¶ 22.

17. Aside from about $9.2 million in excess foreign tax credits, all other credits reported by plaintiff with respect to its 1977 year were originally entirely used against 1977 tax, and there was thus no more to carry back to 1976. It was only in 1979 that there were excess credits available for carryback due to the limitation based on the pre-credit tax liability in that year. Maritz Declaration ¶ 23.

18. Credits (aside from the foreign tax credit carryback from 1977 referred to above) first became available for carryback to 1976 from the 1979 year, with an availability date of January 1, 1980, rather than at the end of 1977, with an availability date of January 1, 1978. Maritz Declaration ¶ 24.

19. Subsequently, there was a net operating loss carryback from 1980 to 1977, which reduced 1977 taxable income and reduced the 1977 investment tax credit limitation, freeing up credits to be carried back from 1977 to 1976. Maritz Declaration ¶ 25.

20. Thus, those credit carrybacks (principally investment tax credits), freed by a net operating loss from 1980, bear an availability date of January 1, 1981. Since the 1979 credits had already gone back to 1976, the 1980 net operating loss did not change the effective date of those credits (*i.e.* 1/1/80), but merely meant that they were deemed to have come from 1977 instead of 1979. Maritz Declaration ¶ 26.

21. Most of the carryback tax reduction to plaintiff's 1976 liability was actually effective only as of January 1, 1980, rather than January 1, 1978, as in plaintiff's computation. Maritz Declaration ¶ 27.

Respectfully submitted.

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
ROBERT C. MARKHAM
*Senior Attorney, Office of Review*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

March 6, 2006

s/ Steven I. Frahm
Of Counsel