**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FORD MOTOR COMPANY AND AFFILIATES,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 02-483 T** |
| **v.** | ) | **The Honorable Francis M. Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Defendant, the United States, pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, hereby responds to plaintiff's proposed findings of uncontroverted fact, filed August 4, 2005, as follows:

1. Plaintiff, Ford Motor Company and Affiliates ("Ford"), is a corporation organized and existing under the laws of the state of Delaware. Plaintiff currently has its principal place of business at One American Road, Dearborn, Michigan. Joint Stipulation of Facts (the "Jt. Stip.") ¶ 1.

**DEFENDANT'S RESPONSE: AGREED**

2. This is an action under the internal revenue laws of the United States for the payment of additional allowable interest payable under Section 6611 of the Internal Revenue Code of 1986, as amended (the "Code") with respect to an overpayment of federal income tax for

the 1976 calendar tax year (the "1976 Tax Year") of Ford. Complaint ¶ 1; Jt. Stip. ¶ 4.

**DEFENDANT'S RESPONSE: AGREED**

3. The correct calculation of this interest also involves federal income tax events for the 1977 calendar tax year (the "1977 Tax Year"), the 1979 calendar tax year (the "1979 Tax Year"), the 1980 calendar tax year (the "1980 Tax Year") and the 1981 calendar tax year (the "1981 Tax Year") of Ford. Jt. Stip. ¶ 4.

**DEFENDANT'S RESPONSE: AGREED**

**Carry-back allowances from the 1979 Tax Year**

4. In 1996, an Internal Revenue Service audit was reviewed by the Joint Committee on Taxation in 1996 (the "Final Audit"). Shortly thereafter, the Service performed interest calculations regarding the Final Audit of the 1976 Tax Year (the "Audit Interest Calculations"). On or about June 2, 1980, the Service posted an abatement of tax ($46,316,906.46) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund of the resulting overpayment ($46,316,906.46) was paid on May 12, 1980. The Service also paid allowable interest ($1,781,614.32) on this overpayment on the same date. Affidavit of Francine Silverman in Support of Plaintiff's Motion for Summary Judgment (the "Affidavit") ¶¶ 2, 3, 8(A).

**DEFENDANT'S RESPONSE: AGREED**

5. On or about July 28, 1980, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1979 Tax Year. A refund

($22,291.00) of the resulting overpayment was paid on July 8, 1980. The Service also paid allowable interest ($1,832.44) on this overpayment on the same date. Affidavit ¶ 8(B).

**DEFENDANT'S RESPONSE: AGREED**

6. With regard to the partial recapture of the earlier carry-back allowance from the 1979 Tax Year considered in conjunction with the Audit Interest Calculations, the Service erred in its methodology of recomputing interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year account by the recaptured portion of the earlier carry-back allowance from the 1979 Tax Year as of its effective date (December 31, 1979), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing all of the previously paid, credit (allowable) interest paid with respect to the carry-back allowance, on the date the refund was paid. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983. Moreover, in this instance [regarding the carry-back from the 1979 Tax Year], the error created by the deduction of the credit (allowable) interest is amplified by the fact the recaptured carry-back was partial but the deduction of the interest was total. Affidavit ¶ 7. As it relates to the partial recapture of the carry-back allowance from the 1979 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the principal (the recaptured carry-back amount ($42,813,374.00) AND the amount of allowable interest ($1,781,614.32) previously paid on the total carry-back allowance (46,316,906.46), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed

following the Final Audit. In the present case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments. Affidavit ¶ 10.

**DEFENDANT'S RESPONSE: NOT AGREED.** In this proposed finding plaintiff attempts to summarize and characterize certain aspects of the Audit Interest Computations (see plaintiff's proposed finding of fact ¶ 4), rather than setting out facts which might be confirmed or denied by reference to some objective source (such as a transcript of account). The Government does not necessarily agree that taxpayer's summary and characterization is entirely correct. It is possible, for example, to characterize the error of which plaintiff complains as inhering in the Service's complete recalculation of the tax module, with a consequence not dissimilar to the "double counting" of plaintiff's description, without explicitly involving any double counting.

As set forth in more detail in the accompanying brief, the Government has agreed that the error of which plaintiff complains was in fact an error, and that correction of that error would result in plaintiff being entitled to recover the amount which plaintiff claims (but for the fact that plaintiff's computations in this respect include at least two errors, correction of which result in plaintiff recovering nothing). As a consequence, this proposed finding sets out no matter of fact that is actually material to the instant suit, in light of the Government's concession. Rule 56(h)(1) requires that a party's proposed findings consist of "material facts."

The Government **OBJECTS** to being required to respond to allegations of fact that are not material.

**Carry-back allowances from the 1980 Tax Year**

7. On or about May 4, 1981, the Service posted an abatement of tax ($341,336.05) to

Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($341,336.05) of the resulting overpayment was paid on April 15, 1981. The Service also paid allowable interest ($11,670.89) on this overpayment on the same date. Affidavit ¶ 13(A).

**DEFENDANT'S RESPONSE: AGREED**

8. On or about June 8, 1981, the Service posted an abatement of tax ($22,291.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($22,291.00) of the resulting overpayment was paid on May 4, 1981. The Service also paid allowable interest ($908.74) on this overpayment on the same date. Affidavit ¶ 13(B).

**DEFENDANT'S RESPONSE: AGREED**

9. On or about December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. On January 4, 1988, the Service posted an abatement of tax ($524, 206.00) to the 1976 Tax Year as the result of a carry-back allowance from Ford's 1981 Tax Year. A refund ($13,462,867.00) of the overpayment attributable to the carry-back allowance from the 1980 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1981 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $16,722,603.00) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1981 Tax Year). Affidavit ¶ 13(C).

**DEFENDANT'S RESPONSE: AGREED**

10. With regard to the total recapture of the carry-back allowances from the 1980 Tax Year in conjunction with the 1995 audit, the Service erred in its methodology of recomputing

interest in the 1976 Tax Year module: it (i) reduced the overpayment balance in the 1976 Tax Year Account by the recaptured amounts of the carry-backs from the 1980 Tax Year from their effective date (December 31, 1980), and (ii) further reduced the overpayment balance in the 1976 Tax Year account by separately recapturing the previously paid credit (allowable) interest paid with respect to the carry-backs recaptured on the dates the refunds were made. The separate recapture of the previously paid credit interest effectively charged the taxpayer twice for this interest. In addition, the separate recapture of this interest also compounded interest on this amount, a methodology not permitted under the Code regarding interest prior to January 1, 1983. Affidavit ¶ 12.

**DEFENDANT'S RESPONSE: NOT AGREED.** In this proposed finding plaintiff attempts to summarize and characterize certain aspects of the Audit Interest Computations (see plaintiff's proposed finding of fact ¶ 4), rather than setting out facts which might be confirmed or denied by reference to some objective source (such as a transcript of account). The Government does not necessarily agree that taxpayer's summary and characterization is entirely correct. It is possible, for example, to characterize the error of which plaintiff complains as inhering in the Service's complete recalculation of the tax module, with a consequence not dissimilar to the "double counting" of plaintiff's description, without explicitly involving any double counting.

As set forth in more detail in the accompanying brief, the Government has agreed that the error of which plaintiff complains was in fact an error, and that correction of that error would result in plaintiff being entitled to recover the amount which plaintiff claims (but for the fact that plaintiff's computations in this respect include at least two errors, correction of which result in plaintiff recovering nothing). As a consequence, this proposed finding sets out no matter of fact

that is actually material to the instant suit, in light of the Government's concession. Rule 56(h)(1) requires that a party's proposed findings consist of "material facts."

The Government **OBJECTS** to being required to respond to allegations of fact that are not material.

11. As it relates to the carry-back allowance from the 1980 Tax Year, the Service's methodology of reducing the overpayment balance in the 1976 module by deducting both the principal (the recaptured carry-back amounts ($341,336.05, $22,291.00, and $13,462,867.00, respectively) AND the allowable interest previously paid on the recaptured amounts ($11,670.89, $908.74, and $16,722,603.00 [approximately]), before calculating interest on the entire module, improperly reduced the amount of credit interest ultimately computed following the Final Audit. In this case, this methodology restricted the proper accumulation of allowable interest credited by the Service in its 1996 adjustments. Affidavit ¶ 14.

**DEFENDANT'S RESPONSE: NOT AGREED.** In this proposed finding plaintiff attempts to summarize and characterize certain aspects of the Audit Interest Computations (see plaintiff's proposed finding of fact ¶ 4), rather than setting out facts which might be confirmed or denied by reference to some objective source (such as a transcript of account). The Government does not necessarily agree that taxpayer's summary and characterization is entirely correct. It is possible, for example, to characterize the error of which plaintiff complains as inhering in the Service's complete recalculation of the tax module, with a consequence not dissimilar to the "double counting" of plaintiff's description, without explicitly involving any double counting.

As set forth in more detail in the accompanying brief, the Government has agreed that the error of which plaintiff complains was in fact an error, and that correction of that error would

result in plaintiff being entitled to recover the amount which plaintiff claims (but for the fact that plaintiff's computations in this respect include at least two errors, correction of which result in plaintiff recovering nothing). As a consequence, this proposed finding sets out no matter of fact that is actually material to the instant suit, in light of the Government's concession. Rule 56(h)(1) requires that a party's proposed findings consist of "material facts."

The Government **OBJECTS** to being required to respond to allegations of fact that are not material.

**Carry-back allowances from the 1981 Tax Year**

12. On or about October 11, 1982, the Service posted an abatement of tax ($3,635,790.95) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981 Tax Year. Transfers ($229,070.14 and $28,874.35) of a portion of the resulting overpayment were credited to Ford's 81/12 and 82/03 Form 941 Tax accounts as of January 1, 1982. A refund ($3,177,846.46) of a portion of the remaining, overpayment balance was paid on September 14, 1982. The Service also paid allowable interest ($424,873.72) on this overpayment on the same date. Affidavit ¶ 17(A).

**DEFENDANT'S RESPONSE: AGREED**

13. A refund of the balance of the overpayment ($200,000.00) was paid on July 12, 1983. The Service also paid allowable interest ($59,284.86) on this overpayment on the same date. Affidavit ¶ 17(B).

**DEFENDANT'S RESPONSE: AGREED**

14. On or about January 4, 1988, the Service posted an abatement of tax ($524,206.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1981

Tax Year. As stated in paragraph 8, on December 21, 1987, the Service posted an abatement of tax ($13,462,867.00) to Ford's 1976 Tax Year as the result of a carry-back allowance from the 1980 Tax Year. A refund ($524,206.00) of the overpayment attributable to the carry-back allowance from the 1981 Tax Year was paid [in tandem with the overpayment attributable to the carry-back allowance from the 1980 Tax Year] on December 2, 1987. The Service also paid allowable interest (approximately $543,702.38) on this overpayment on the same date. (Allowable interest paid in tandem with the allowable interest attributable to the carry-back allowance from the 1980 Tax Year). Affidavit ¶ 17(C).

**DEFENDANT'S RESPONSE: AGREED**

15. With regard to the recalculated total carry-back allowance from the 1981 Tax Year in conjunction with the Final Audit, the Service erred in its methodology of recomputing interest: it separately recomputed allowable interest based (i) upon the total overpayment, but, (ii) subsequently decreased this amount by both the original principal allowance and the originally paid allowable interest. This methodology yielded an incorrect amount of credit interest. Affidavit ¶ 16.

**DEFENDANT'S RESPONSE: NOT AGREED.** In this proposed finding plaintiff attempts to summarize and characterize certain aspects of the Audit Interest Computations (see plaintiff's proposed finding of fact ¶ 4), rather than setting out facts which might be confirmed or denied by reference to some objective source (such as a transcript of account). The Government does not necessarily agree that taxpayer's summary and characterization is entirely correct. It is possible, for example, to characterize the error of which plaintiff complains as inhering in the Service's complete recalculation of the tax module, with a consequence not dissimilar to the

"double counting" of plaintiff's description, without explicitly involving any double counting.

As set forth in more detail in the accompanying brief, the Government has agreed that the error of which plaintiff complains was in fact an error, and that correction of that error would result in plaintiff being entitled to recover the amount which plaintiff claims (but for the fact that plaintiff's computations in this respect include at least two errors, correction of which result in plaintiff recovering nothing). As a consequence, this proposed finding sets out no matter of fact that is actually material to the instant suit, in light of the Government's concession. Rule 56(h)(1) requires that a party's proposed findings consist of "material facts."

The Government **OBJECTS** to being required to respond to allegations of fact that are not material.

**Final Audit**

16. In 1996, the Joint Committee on Taxation reviewed the Internal Revenue Service's third and final audit of Ford's 1976 Tax Year. Affidavit ¶¶ 2, 5.

**DEFENDANT'S RESPONSE: AGREED**

17. In 1996, the Service determined an additional net overpayment in the 1976 Tax Year account of $5,052,403.00. The Service's determination included: (i) a general adjustment to an item on the 1976 Tax Year return [Affidavit ¶ 5]; (ii) a prior decrease in tax ($56,052,416.00) from the 1977 Tax Year, effective January 1, 1978 [Affidavit ¶ 8(C)]; (iii) the partial recapture ($42,813,374.00) of the earlier carry-back allowance from the 1979 Tax Year [Affidavit ¶ 8(D)]; (iv) the full recapture ($13,826,494.00) of the carry-back allowances from the 1980 Tax Year [Affidavit ¶ 13(D)]; and, (v) the increase ($4,528,197.00) in the amount of carry-back allowance from the 1981 Tax Year [Affidavit ¶ 17(D)].

**DEFENDANT'S RESPONSE: NOT AGREED**

The Service's "determination" was not that there was a $56,056,416 carryback from 1977, but instead that there were carrybacks of $9,208,005 from 1977 and $47,545,308 from 1979. Rather, the Form 2285 prepared at Appeals erroneously reflected the IRS determination by showing a $56,056,416 carryback as coming from 1977 with an effective date of January 1, 1978. See Defendant's Proposed Findings of Uncontroverted Fact ¶¶ 10 - 21.

The Service allowed the revised (increased) amount of the 1981 carryback ($4,528,197) as of January 1, 1982. Allowable interest was computed on this increase from January 1, 1982 to the refund date. Joint Stipulation of Facts, Exhibits A and B.

18. On or about June 3, 1996 (posting cycle 9621), the Service posted abatements of tax ($5,052,403.00) and deficiency interest ($4,414,336.00) to Ford's 1976 Tax Year account. On the same date, allowable interest ($10,079,031.45) posted to the 1976 Tax Year account. Jt. Stip. ¶ 6; Affidavit ¶ 8(D).

**DEFENDANT'S RESPONSE: AGREED**

19. The resulting credit balance in the 1976 Tax Year account was offset to other tax years of Ford. Affidavit ¶ 8(D).

**DEFENDANT'S RESPONSE: AGREED**

Respectfully submitted.

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
ROBERT C. MARKHAM
*Senior Attorney, Office of Review*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

March 6, 2006

s/ Steven I. Frahm
Of Counsel